# Kelly, Appellant, *v.* Union Traction Company.

*Negligence—Street railways—Death—Evidence—Nonsuit.*

In an action against a street railway company to recover damages for the death of plaintiff's husband, a nonsuit is properly entered where all that is shown is that the deceased was run over by one of defendant's cars at the middle of a block, after midnight; that the gong was not sounded; that the highest rate of speed testified to did not exceed nine or ten miles an hour; that the car was stopped on a down grade and on a slippery track within sixty feet, and that both the street and the car were well lighted.

Argued March, 20, 1905. Appeal, No. 350, Jan. T., 1904, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1902, No. 1594, refusing to take off nonsuit in case of Maria Kelly v. The Union Traction Company. Before DEAN, FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband.

The opinion of Supreme Court states the case.

1905.        Assignment of Error—Opinion of the Court.

*Error assigned* was order refusing to take off nonsuit.

*Philip N. Goldsmith,* with him *Charles L. Brown,* for appellant.

*Thomas Leaming,* with him *Thad. L. Vanderslice,* for appellee.

PER CURIAM, April 10, 1905 :

No one who witnessed the accident and whose testimony would have explained the circumstances connected with it was called by the plaintiff. All that was shown was that her husband was run over by the defendant's car at the middle of a block after midnight, and that the gong was not sounded. There was no evidence of undue speed of the car. The highest rate of speed testified to did not exceed nine or ten miles an hour, and the car was stopped on a down grade and a slippery track within sixty feet. Both the street and the car were well lighted. There was nothing in the evidence from which negligence of the motorman could be inferred and a nonsuit was properly entered.

The judgment is affirmed.