# Erbe, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railway companies—Pedestrians — Death — Proximate cause—Nonsuit.*

1. In actions to recover damages for injuries or death alleged to have resulted from negligence the burden is on plaintiff to show that defendant's negligent act was the sole and proximate cause of the death or injury, to the exclusion of other causes; it is not enough to show a state of facts from which it appears that the injury may have been due to one or more causes, not involving defendant's negligence.

2. Where in an action to recover damages for the death of plaintiff's wife, alleged to have been caused by her being struck by a trolley car, it appeared that on the evening of the accident a trolley car was crossing an intersecting street when a thud was felt and an object afterwards found to be a basket was seen flying, that considerable quantities of dust were raised, and that thereafter deceased was found lying at the side of the track near the intersection of the street, but where there was no evidence to show that deceased was endeavoring to cross the track at the time of the accident and no evidence to show that the death of deceased was caused by the trolley car, the trial judge properly entered a compulsory nonsuit.

Argued Jan. 10, 1917.   Appeal, No. 152, Jan. T., 1916, by plaintiff, from final order of C. P. No. 4, Philadelphia Co., Sept. T., 1912, No. 1072, refusing to take off nonsuit in case of Louis Erbe v. Philadelphia Rapid Transit Company.   Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiff's wife.   Before CARR, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Henry A. Hoefler*, for appellant.—There was evidence from which the conclusion was necessary that deceased was killed by defendant's car: Cawley v. Balto. & Ohio R. R. Co., 44 Pa. Superior Ct. 345.

Where no one saw deceased before being struck by the car the fact that the car was well lighted, that it was a clear night, and that a person could see a distance of 764 feet would not rebut the legal presumption that deceased did her full duty: Weiss v. Penna. R. R. Co., 79 Pa. 387; Schum v. Penna. R. R. Co., 107 Pa. 8; Bernstein v. Penna. R. R. Co., 252 Pa. 581.

Defendant's motorman was negligent in running the car at an excessive speed, in failing to give warning as he approached the crossing and in not having his car under proper control: West Philadelphia Pass. Ry. Co. v. Miulhair, 6 W. N. C. 508; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Maher v. Philadelphia Traction Co., 181 Pa. 391.

*Charles H. Edmunds*, for appellee.—The averments of plaintiff's statement of claim were not sustained by the evidence offered at the trial: Farley v. Philadelphia Trac. Co., 132 Pa. 58; Berryman v. Penna. R. R. Co., 228 Pa. 621; Drexler v. Philadelphia Rapid Transit Co., 244 Pa. 18; Stern v. Reading, 255 Pa. 96; Wagner v. Lehigh Traction Co., 212 Pa. 132; Cawley v. Balto. & Ohio R. R. Co., 44 Pa. Superior Ct. 340; Stringert v. Ross Township, 179 Pa. 614; Laven v. Moore, 211 Pa. 245; Kelly v. Union Traction Co., 211 Pa. 456.

OPINION BY MR. JUSTICE FRAZER, February 26, 1917:

This was an action to recover damages for the death of plaintiff's wife, alleged to have been caused by her being run down by one of defendant's cars, at the intersection of Old York Road and Courtland street, in the

City of Philadelphia. From the order refusing to take off a nonsuit, plaintiff appealed.

Defendant operates a street railway through a suburban section of the city over a double line of tracks laid in the middle of Old York Road. Its tracks cross Courtland street which is open on the west side of Old York Road, but not cut through to the eastward. At the northwest corner of the intersection of the two streets is a "Stop" sign for south bound cars, at which point a rule of the company requires that cars stop "at all times and under all circumstances." Immediately previous to the accident a north bound car stopped on the south side of Courtland street to discharge passengers, and then proceeded northward as the car, which is alleged to have struck Mrs. Erbe, was coming south on the south bound track. This car did not stop at Courtland street and a passenger, called as a witness on behalf of plaintiff, described the accident in the following language: "As we approached Courtland street there, running at a usual rate of speed, I imagine, the first inkling that I had that there was anything wrong was the awful thud, and the next thing was a lot of dust, and I saw some object, which I afterward found out was a basket, flying. And there was quite a dust there." This is the only testimony as to how the accident happened. The car continued for a distance of two or three hundred feet beyond Courtland street before stopping, and deceased was found lying on the west side of the track near the south side of that street. The evidence is quite indefinite and fails to show that defendant's car caused the death of Mrs. Erbe, except as it may be inferred from the circumstances testified to by the witnesses, and from the place where the body was found. The accident happened at night, and the car, an open summer one, was electrically lighted, and plainly visible for a considerable distance north of Courtland street.

Plaintiff relied upon the presumption of due care on the part of deceased, in attempting to cross the track.

The weak point in plaintiff's case, however, is 'the absence of proof to establish that death was caused by the negligence of defendant in the manner alleged; the evidence failing to show Mrs. Erbe was attempting to cross the tracks at the time.   It was not shown she was struck by the car except by the inference from the testimony of the witness who says he heard a "thud," followed by dust and a flying basket.   Assuming this testimony to be sufficient to show deceased was struck by the car, there still remains the total absence of proof to show death occurred by reason of negligence on the part of defendant. Proving that an accident happened, or the existence of an opportunity for it to happen in the manner alleged, is entirely insufficient to establish negligence: Stern v. Reading, 255 Pa. 96.   Plaintiff must go further and show not only defendant's negligence, but that the injuries complained of were the result of such negligence: Reddington v. Philadelphia, 253 Pa. 390; Wagner v. Lehigh Traction Co., 212 Pa. 132.   For all that appears in the evidence, deceased may have been seized with a sudden illness and fallen on the track immediately in front of the car; or she may have been injured by a passing automobile or other vehicle; or the accident may have resulted from other causes, for which defendant could not be held responsible: Stringert v. Ross Twp., 179 Pa. 614.

To submit the case to the jury upon testimony of the indefinite character presented here, is to permit them to find a fact without evidence to support such finding. The burden was on plaintiff to show that defendant's negligent act was the sole and proximate cause of the death of his wife, to the exclusion of other causes.   To show a state of facts from which it appears the injury may have been due to one or more causes is not sufficient: Laven v. Moore, 211 Pa. 245; Kelly v. Union Traction Co., 211 Pa. 456; Cawley v. Balto. & Ohio R. R. Co., 44 Pa. Superior Ct. 340.

There being nothing in the evidence tending to show

what deceased was doing, or whether or not she was about to cross the track at the time of the accident, the doctrine of presumption of negligence is not applicable; the court was, therefore, right in directing a nonsuit and refusing to take it off.

The judgment is affirmed.