# Magier, Appellant, *v.* Philadelphia & Reading Railway Co.

*Negligence—Railroads—Pedestrian—Crossing — Insufficiency of evidence—Intoxication—Contributory negligence.*

In an action against a railroad company to recover for personal injuries, plaintiff's evidence is insufficient where he testifies that he neither saw nor heard a train, but as he stepped on the third track he was struck by a box-car, and he does not show that the car was operated by defendant company or that there was shifting of cars at that time and place; and, while he undertakes in a vague way to locate the accident at the crossing of a borough street, his story is incoherent, and he does not deny that he was found after the accident with his foot amputated, more than 1,900 feet from the crossing; and there was evidence that he was intoxicated at the time of the accident.

Argued Jan. 18, 1917.    Appeal, No. 229, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1916, No. 1184, on directed verdict for defendant, in case of Kajman Magier v. Philadelphia and Reading Railway Company.    Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before McMichael, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon.    Plaintiff appealed.

*Errors assigned* were rulings on evidence and in directing a verdict for defendant.

*Daniel G. Murphy*, of *Murphy & Levy*, for appellant.

*Wm. Clarke Mason*, for appellee.

Opinion by Mr. Justice Potter, April 16, 1917:

In this suit to recover damages for personal injuries,

the trial judge gave binding instructions in favor of defendant company, upon the ground that the evidence of negligence upon the part of plaintiff was not sufficient to justify its submission to the jury, and for the further reason that, even if any such inference could be drawn from plaintiff's testimony, it was clear that he was guilty of contributory negligence. We are not convinced that the court below erred in its conclusion, or that we should disturb the judgment entered upon the verdict directed by the court. The plaintiff in a vague way undertook to locate the accident at a crossing upon Rose street, in the Borough of Tamaqua, but his story was incoherent. He said he neither saw nor heard a train, but that as he stepped upon the third track he was struck by a box car. Plaintiff did not show that the box car was operated by the defendant company, or that there was any shifting of cars at that time and place. On the other hand, from the evidence of several witnesses, it appeared that prior to the accident plaintiff was so much under the influence of liquor that he did not know where he was or where he was going. The physician, who was called to attend him after the accident, testified that he was at that time visibly intoxicated. From the evidence of the witnesses, who found him after the accident, and picked him up and cared for him, it appeared that he was found beside the railroad track, with his foot cut off and lying against the rail, at a point more than 1,900 feet from any crossing. Plaintiff made no denial of the fact that he was found after the accident at the place indicated, nor did he attempt to explain how he could possibly have been at that point with his amputated foot, had the accident occurred at the crossing, or at any point other than that at which he was found.

From the case as here presented by the plaintiff, the jury could not reasonably have found that the defendant was negligent, or that it failed to discharge any duty which it owed to the plaintiff, and a verdict in his favor

could not be permitted to stand. The judgment on the verdict directed in favor of defendant is, therefore, affirmed.