## Freedman v. Wager and Karpeles, Appellants.

*Negligence—Evidence—Cause of injury.*

If there is any other cause apparent, to which an injury may be attributed, the inference of negligence cannot be drawn.

Where in an action to recover damages for the negligent repairs to an automobile, the evidence shows that the condition of the machine may have been the result of a collision, and there is nothing in the testimony to reasonably exclude any other cause of the accident than the improper workmanship of the defendant, the jury cannot be permitted to guess that the accident was caused by negligence.

Argued October 9, 1919. Appeal, No. 172, October T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, October T., 1918, No. 135, on verdict for plaintiff in the case of Harry Freedman v. Joseph F. Wager and S. M. Karpeles, trading as Wager & Karpeles. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CRANE, J.

The facts appear in the opinion of the Superior Court.

Verdict for plaintiff for $1,113.30 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendants' motion for judgment non obstante veredicto.

*Abraham Friedman,* and with him *Harry Felix* and *Bernard A. Illoway,* for appellants.—There was no direct evidence that the accident was caused by the negligence of the defendants and the case should have been taken from the jury: Ellett v. Lit Brothers, Inc., 264 Pa. 185, 188; Shafer v. Lacock Hawthorn & Co., 168 Pa. 497; Fisher v. Ruch, 12 Pa. Superior Ct. 240, 246; Oil Co. v. Torpedo Co., 190 Pa. 350, 353.

*Simon Garlic,* and with him *Samuel D. Matlack,* for appellees.—The case was for the jury to determine whether or not the accident was caused by the defective workmanship of the defendants: Lytle v. Denny, 222 Pa. 395; Hauer v. Erie County Elec. Co., 51 Pa. Superior Ct. 613; Cahill v. Philadelphia Rapid Transit Co., 52 Pa. Superior Ct. 561; Duffy's Garage v. Sweeley, 66 Pa. Superior Ct. 583, 585; Safe Deposit Co. v. Pollock, 85 Pa. 391.

OPINION BY HENDERSON, J., December 8, 1919:

This is an appeal from the refusal of the court to make absolute a rule for judgment for the defendant non obstante veredicto. The plaintiff's claim grew out of a contract of the defendants to repair an old Ford automobile which he owned. He testified that he delivered the car to them "to overhaul the front system," that the starting gear was not acting right and there were some loose springs and these had to be repaired. The defendants made repairs on the car and after having tested it delivered it to the plaintiff. He drove it from their place of business to city hall square where he had a hack stand.

The distance is said to have been about five miles.  He
got the car about 4 o'clock and at about 7 o'clock started
home.  His course was northwardly on Broad street
and westerly on Spring Garden street.  When he came
to the place where a turn to the latter street was neces-
sary he thus describes his movement: "I went to swing
over to the side of the street near the curb and of course
I made a turn to my right in order to go west in front of
an automobile and when I turned I intended to turn
back the wheel, you know, but I couldn't do it and the
wheel stuck there and locked on me......I tried to pull
out the other way to straighten out the car to go up
north but I could not move it.  My car started to go
right up the sidewalk but it didn't reach the sidewalk
as the wheels were locked, you know, it went a little in a
circle and my left wheel struck the curb and it upset my
automobile and I fell over with the automobile."  The
complaint is that the defendants were negligent in mak-
ing the repairs in this that the front axle was dipped
forward about one-sixteenth of an inch, whereas it should
have been dipped about one-eighth of an inch to the
rear, the effect of which was that it was difficult for the
driver to steer the car and the wheels were liable to be-
come locked.  The car was used to some extent after the
accident and sixteen days afterward was taken to a shop
where it was examined by a witness, Greenwalt called
by the plaintiff, at which examination the position of the
axle was discovered.  This witness testified, on cross-
examination, that the collision of the car with the curb
as described by the plaintiff could have produced the
condition which he found.  Evidence to the same effect
was given by Kling, a witness for the defendant, who
said the only way the axle could get out of line was by
a bump, that if it struck the curb with sufficient force
this result might follow.  There was uncontradicted evi-
dence that the driver of a Ford car could pull it
"passed the centre" if he pulled enough, in which case
the wheels are set in the position the car is going.  The

plaintiff testified that he was going twelve or fourteen miles an hour when he made the turn. The court submitted to the jury the inquiry whether the wheels became locked by the sudden and extreme turn the plaintiff gave his car in order to pass the car immediately ahead of him or whether they became locked by virtue of the improper adjustment of the steering rod or the defective, careless and negligent work done by these defendants. The whole of the plaintiff's case was based on the theory that the axle of the car was not properly located by the defendants but that conclusion is reached from an examination of the car after the accident which, according to the evidence offered by the plaintiff's witness, might have been produced by the impact of the car against the curb. The plaintiff was required to prove not only the happening of the accident but that the defendants' negligence was the cause of it. The circumstances did not make the occurrence of the accident sufficient evidence of the negligence alleged. The verdict was based on the conclusion that the defendants' work was not properly done, notwithstanding the evidence that another and probable cause existed for the condition found by the witness, Greenwalt. Where any other cause appears to which the injury may, with equal fairness be attributed, the inference of negligence cannot be drawn. Oil Co. v. Torpedo Co., 190 Pa. 350. There is nothing in the case which reasonably excludes any other cause of the accident then the improper adjustment of the axle nor is it asserted that the operation of the steering wheel by the driver could not have locked the wheels. A careful examination of the evidence brings us to the conclusion that the jury could only guess at the cause of the accident from the testimony presented and that when they were instructed by the trial judge to determine whether the wheels became locked by the sudden turn he gave the car or because of the improper adjustment of the starting rod or the defective, negligent and careless work done by the defend-

ants, the jury was permitted to find the fact without adequate testimony to sustain the finding. The motion of the defendants for judgment non obstante veredicto should have been sustained.

The judgment is reversed.