# Sackett (Robinson), Appellant, *v.* Springhill Township.

*Negligence—Bridges — Highways — Contributory negligence — Proximate cause—Guessing by jury.*

1. Where a defect exists in a highway bridge, which is obvious to a traveler using the highway with proper care, one who uses the bridge without seeing the defect is guilty of contributory negligence, in case of injury from the defect.

2. The burden is on plaintiff to connect the accident with the defect, and, in the absence of such proof, the jury cannot be permitted to guess as to the proximate cause.

Argued May 7, 1923. Appeal, No. 202, Jan. T., 1923, by plaintiff, from judgment of C. P. Fayette Co., June T., 1919, No. 490, for defendant n. o. v., in case of Millie D. Sackett (Robinson) v. Springhill Township. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before REPPERT, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,645.84, on which judgment was entered for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting it.

*H. S. Dumbauld,* with him *E. D. Brown,* for appellant. —Under all the evidence the case was for the jury: Graham v. Phila., 19 Pa. Superior Ct. 292, 296, and cases there cited, opinion by RICE, P. J.; Bullock v. Road Co., 270 Pa. 295, distinguishing Bean v. Phila., 260 Pa. 278.

*W. J. Sturgis,* with him *S. J. Morrow* and *Dean S. Sturgis,* for appellee.—It was not proved that the alleged accident resulted from any negligence of the defendant: Alexander v. Water Co., 201 Pa. 252; Freedman v. Wagner & Karples, 73 Pa. Superior Ct. 180; Reddington v. Phila., 253 Pa. 390; Erbe v. Transit Co., 256 Pa. 567; Stern v. Reading, 255 Pa. 96.

Plaintiff was guilty of contributory negligence: Stern v. Reading, 255 Pa. 96; Bean v. Phila., 260 Pa. 278; Sutton v. Phila., 69 Pa. Superior Ct. 125; Hincken v. Borough, 50 Pa. Superior Ct. 540.

OPINION BY MR. JUSTICE FRAZER, June 23, 1923:

Plaintiff sued to recover damages for personal injuries resulting from being thrown from her horse while crossing a small bridge on a public road in defendant township, her contention being that the horse's hind legs went through a hole in the floor of the bridge and in

attempting to extricate itself made a sudden lunge forward, throwing her to the ground and resulting in the injury complained of. The jury found for plaintiff; the court, however, subsequently entered judgment for defendant non obstante veredicto, basing its action on plaintiff's failure to observe the defective condition of the bridge.

The accident happened December 12, 1918, at about two o'clock in the afternoon. The bridge, a part of the public road, was fourteen feet in width by five feet in length, rested on locust sleepers and stood about four feet above the bottom of the run over which it was erected. Plaintiff lived in the neighborhood, was familiar with the locality, had passed over the structure several times within a few days previous to the accident and once before on the day of the accident. She testified that on these occasions she observed no defects, but, on the contrary, the bridge appeared to be in good condition. In describing the accident she stated, "the horse's hips went down, she [the horse] suddenly stopped, then gave a lunge" which threw the rider over its head to the ground, rendering her insensible for a time.

While plaintiff after her fall and injury did not examine the condition of the bridge, she testified the horse "went down a great distance and she would have to go through some way when she gave the lunge to jump out as she did." A witness for plaintiff stated he passed over the bridge the day previous to the accident and at that time noticed a hole on the right-hand side about ten inches wide and twenty-four inches long and also observed conditions tending to show the planks were rotten. Another witness testified that a month or more before the accident the bridge contained holes in the planks made by a passing truck. The breaks testified to by the last witness, however, were repaired by laying additional planks on the top of the broken ones. A witness for defendant, a township supervisor, who examined the bridge

on the day of the accident, said there were no uncovered holes in the floor of the structure.

Had there been a defect in the bridge, which must have been obvious to a person using it with proper care, then plaintiff was properly held guilty of contributory negligence. Plaintiff cannot recover in this action for two reasons: First—The testimony convicts her of contributory negligence in failing to see and avoid the only defect in the bridge shown by the testimony to have existed, that is, the hole testified to by the witness, Rhodes, who, on December 11th, the day before the accident, walked across the bridge and testified he observed a hole eight or ten inches wide and eighteen to twenty-four inches long where one of the planks had been broken "at about where the wagon track would pass." This is the only testimony tending to show a defect in the floor of the bridge, of the character indicated by plaintiff in her testimony, within a month before the accident. Assuming the hole to be there, as testified to by Rhodes, on the day previous to the accident, it was clearly plaintiff's duty to observe it. There was nothing to prevent her from seeing it in broad daylight. Plaintiff does not testify there was a hole. She said she saw nothing the matter with the bridge on the day of the accident or the preceding days in which she passed over it. Plaintiff assumes there was a break or imperfection of some kind in the floor because "I felt the horse go down, I know the horse went through the bridge," but she made no effort to examine and ascertain if a hole actually existed or if the flooring was defective in other respects. She said, "I didn't see any bad place, it looked the same as any other bridge looked to me." The township supervisor made an examination of the bridge on December 12th and also on December 14th and testified he found no holes in the floor on either occasion. Under this evidence if the hole was there and plaintiff failed to observe it in passing over the bridge twice on December 10th, the same number of times on the 11th and about an hour before the accident, she failed

to exercise ordinary care and is, consequently, chargeable with contributory negligence: Bean v. Phila., 260 Pa. 278.

Second—The evidence failed to show a hole in the bridge caused the accident, assuming there was a defect in the floor of the structure. The rule is undoubted that the burden was on plaintiff to connect the accident with the defect and in absence of such proof the jury cannot be permitted to guess as to the cause: Reddington v. Phila., 253 Pa. 390; Stern v. Reading, 255 Pa. 96; Erbe v. Transit Co., 256 Pa. 567.

The testimony referred to above relating to the action of the horse at the time of the accident is insufficient to warrant the jury in finding that plaintiff received her injury in the manner assumed by her and in no other way. It is just as probable that the horse, as a result of a false step, stumbled and made the lunge to regain its feet. The court below, in concluding plaintiff's evidence failed to show the horse's foot, in fact, went through a defective portion of the bridge floor, and as a result she was thrown to the ground, cited Stern v. Reading, supra. In that case it was alleged the pin bolt of the shaft of plaintiff's wagon was dislodged by reason of the wheel of the wagon dropping into a hole in the street. Plaintiff did not see the hole but testified he felt the wheel go down and for that reason concluded the hole existed. Here plaintiff did not see any defect in the floor of the bridge and said she merely "felt the horse go down" and from that fact assumed the existence of a defective floor. The utmost effect that can be accorded to plaintiff's evidence in this respect is that the lunge of the horse caused the accident, without further testimony as to what occasioned it to fall and lunge.

The judgment is affirmed.