Dangelo et al., Appellants, *v.* Pennsylvania R. R. Co.

Argued October 3, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*C. J. Tannehill,* with him *Marshall & Marshall,* for appellants.—The character of injuries sustained by the boy did not conclusively prove as a matter of law that the boy was not dragged or carried by the train over a distance of 460 feet or thereabout before he was dropped off: Shields v. Transit Co., 261 Pa. 422; Heaps v. Traction Co., 276 Pa. 551; McManamon v. Twp., 232 Pa. 439.

This minor plaintiff in the case at bar is in somewhat the same situation as a deceased person in whose favor there operates a presumption of due care, which stands until it is overcome by proof which is not to be questioned.

*Samuel W. Pringle,* with him *Dalzell, Dalzell & Mc-Fall,* for appellee, cited : Lessig v. Transit & Light Co., 270 Pa. 304; Horen v. Davis, 274 Pa. 244; Maue v. Rys., 284 Pa. 599; Folger v. Rys., 291 Pa. 205; Mack v. Gypsum Co., 288 Pa. 9; Edwards v. Meyers, 227 Pa. 584; Cawley v. R. R., 44 Pa. Superior Ct. 340; Freedman v. Wagner, 73 Pa. Superior Ct. 180; Magier v. Ry., 257 Pa. 383.

OPINION BY MR. JUSTICE WALLING, November 24, 1930 :

These appeals by plaintiffs are from judgments entered for the defendant, non obstante veredicto, in an action brought for personal injuries to James George Dangelo, the minor plaintiff, herein sometimes called the plaintiff. A careful study of the record discloses no error. A branch of the defendant railroad, called the Southwest Branch, extends southerly from Greensburg. At the place of accident in East Greensburg it has three tracks, that on the east side being northbound, that in the center southbound, and that on the west side a siding. The Lincoln Highway, locally known as East Pittsburgh Street, passing under this railroad, is the main east and west street in the locality. Some three hundred feet to the north thereof is George Street, which extends east and west of, but does not cross, the railroad. On the east side, George Street is at the grade of the tracks while on the west side is Clark Street extending parallel with the railroad but at a lower grade. And there is a wall on which is an iron railing between the railroad and Clark Street extending across what would be George Street if opened. From where the latter street ends at the east side of the railroad there is a path extending across the tracks in a northwesterly direction to where there is a break in the wall to the north of the end of the iron rail. This path was used to such an extent as to make the question of its being a permissive crossing one for the jury. Plaintiffs resided on

George Street in the second house east of the railroad. The plaintiff at the time in question was two and one-half years of age and with his parents occupied the second floor of the house, while his maternal grandparents occupied the first floor.

On the early evening of February 12, 1927, the plaintiff was left with his grandmother in her kitchen playing with some blocks, when he left the room unobserved and wandered upon the railroad track. About this time, being six o'clock, a local passenger train from Pittsburgh came in on the south track of this branch, and, after it passed, plaintiff was found lying between the north and south tracks with his head toward the former at a distance of four hundred and sixty-one feet south of the path above mentioned, with a part of his right foot and three toes of his left cut off. If struck and injured where found plaintiff was a trespasser and, however distressing the accident, admittedly there could be no recovery. But it is urged for plaintiff that he was struck while on the path. The burden was on plaintiffs to prove this fact and they failed to do so. No one saw the accident and the presumption is that he was hurt where he and his shoe and the part of his foot were found, as there was nothing to indicate an accident elsewhere. The engine was equipped with a modern pilot, which stands so nearly perpendicular that a child could scarcely be carried upon it. Sometimes a horse and wagon or an automobile may be carried along by an engine, but it is almost impossible to understand how a small child could be. Moreover, if the child had been struck by the pilot and carried that distance it would have received serious bruises, and it had none. It is suggested that it might have been caught on some part of the engine or cars and dragged along. This is untenable, for if so it would have been blackened and bruised and its clothes mussed and torn, yet none of these things happened. That the father found two of the child's blocks down by the path does not show it was struck there. There was nothing

to prevent his walking from there along the track to where he was found. The mother says she saw the child on the track down by the path when she was in her bathroom and that she dressed, including putting on her clothes and shoes, and went out in from one and a half to two minutes and found the boy in an automobile down by East Pittsburgh Street, to which he had been removed after the accident. She has no way of fixing the time it took to dress and go upon the street and her statement thereof is a mere estimate. Safe to say a child of that age could go four hundred and sixty-one feet (28 rods) while its mother was dressing, going down stairs, and out on the street. The witness, James Alberts, testified that he was walking south on the railroad and when about four hundred feet from George Street saw a small child in the south track moving east, apparently off that track when the train was some three hundred feet away, and that after it had passed he saw some small children playing on the east side of the railroad track at George Street. He could not identify the child or say whether it was one of those he later saw playing near by. Of course he could not, for at six o'clock in the evening of February 12th, there would be but a glimmer of daylight and no one mentions any artificial light at that point. The most probable conclusion would seem to be that the plaintiff, a small child, went out on the track on or near the path and then wandered along down between the rails of the south track until it heard and likely saw the oncoming train and in an effort to step off the track tripped and fell over the rail where its feet were caught by the wheels. A small child is so active that when free and awake there is no presumption of its continuance in any one place. Hence, it cannot be inferred that plaintiff was on the path when struck merely because he was there some minutes before, especially where all the physical facts show the injury occurred elsewhere. It is strange that no blood was found on any of the wheels or on the track at that or

any other point, also that the wounds did not bleed when the child was being taken to the hospital. The headlight of the engine was burning, yet neither the engineer nor fireman saw the child before the accident. The presumption that plaintiff was struck and injured where he was found is greatly strengthened by the testimony of Mrs. Ross that she was on a street near the railroad at that point and heard a child cry, in the direction of the track, before and also after the train passed, but not as it was passing.

While plaintiffs, in support of the verdicts, are entitled to every inference that can properly be drawn from the evidence, yet the contention that the train struck the child up at the path is not supported by any direct proof or by any substantial circumstance, and is contrary to all the facts and circumstances disclosed by the evidence. Plaintiffs failed to meet the burden of proving that controlling fact in the case, which necessitated the entry of judgments for the defendant. In the most favorable aspect of the case, to say the child was struck at the path would be a mere guess and verdicts cannot be founded thereon: Oil Co. v. Torpedo Co., 190 Pa. 350, 354; Freedman v. Wagner and Karpeles, 73 Pa. Superior Ct. 180. In Cawley v. Balt. & Ohio R. R. Co., 44 Pa. Superior Ct. 340, 345, a case somewhat like the present, the late Judge HEAD, speaking for the court, holds: "If he [the deceased] was traveling on that right-of-way and not on the highway when he was struck, the company is not liable. The inference that he was so struck is certainly as reasonable and as probable, under the facts we have recited, as the other inference on which the plaintiff's case entirely rests, to wit, that he was struck while attempting to cross on Hazelwood Avenue. In such case, to permit a jury to draw the inference which convicts the defendant of negligence is but to sanction their conjecture as to the manner in which the deceased met his death...... Where, in an action like the present one, every fact proved will support an infer-

ence that excludes liability just as strongly as the contrary one, then we think a jury is stepping into the field of speculation and conjecture when they undertake to say that the theory upon which negligence rests is the one that truly accounts for what actually happened." It is impossible to hold that the weight of the evidence sustains the finding that the accident had its inception at the path. Even if the contention that the child was first struck where found was equal to the one that it was struck at the path, the former must be adopted. This is because of the rule that plaintiff must establish a cause of action for which the defendant is liable to the exclusion of other equally probable causes for which there is no liability: Erbe v. P. R. T. Co., 256 Pa. 567, 570. See also Laven v. Moore, 211 Pa. 245. Where a defendant is liable for only one of two or more equally probable causes and to say which is a mere guess, there can be no recovery. In the instant case it is highly probable that the child was first struck near where it was found and, at most, only remotely possible that it first came in contact with the train at the path. The contention of injury at a public crossing cannot be sustained where the physical facts demonstrate that the accident occurred on the track some distance therefrom: Horen et al. v. Davis, Director Gen., 274 Pa. 244; and see Magier v. P. & R. Ry. Co., 257 Pa. 383. There is in the instant case, however, no substantial conflict between the physical facts and any testimony. That plaintiff's mother underestimated the time it took her to dress, pass down stairs and go out on the street, does not in reality tend to disprove the facts as found on the ground. She neither saw the train nor the accident. Of course no blame can be attached to the child because of its tender age, nor to those having it in charge, because of its accidental escape from the home.

The judgments are affirmed.