Opinion by
 

 Rhodes, J.,
 

 The sole question involved in this case is whether plaintiff met the burden of showing that the medical treatment or attention which insured received within two years prior to the date of the issuance of the policies in suit was not for a serious disease, injury, or physical or mental condition. It was admitted' that insured was treated by a physician within two years prior to the issuance of the policies. On February 8, 1937, two policies of industrial life insurance were issued by defendant insuring the life of Nancy Russo. Plaintiff was the beneficiary named in the policies. The insured died on September 4, 1937. The jury found for plaintiff. The court below granted defendant’s motion for judgment n.o.v., and plaintiff has appealed from the judgment.
 

 The pleadings consisted of plaintiff’s statement of claim, defendant’s affidavit of defense and new matter, and plaintiff’s reply thereto. The policies set forth in plaintiff’s statement contained the following provision:
 

 
 *212
 
 “When Policy is Voidable. If (1) within two years prior to the date of issue of this Policy the Insured has been a patient at, or an inmate of, any institution for the treatment of physical or mental disease,......or has been attended by a physician, unless it shall be shown by the Insured or any Claimant that no such institutional, surgical, or medical treatment or attention was for a serious disease, injury, or physical or mental condition;......this Policy shall, subject to the clause entitled Incontestability, be voidable by the Company, unless reference to such institutional, surgical, or medical treatment or attention, ...... is endorsed on this Policy by the Company.”
 

 At the trial plaintiff offered the policies of insurance in evidence, and rested. Defendant thereupon offered in evidence the uncontradicted allegations of its new matter establishing that no notice of diseases or treatments by physicians was endorsed on the contracts of insurance. Defendant also offered in evidence two medical diagnoses; the one, dated August 23, 1935, showed that the insured had been treated for chronic bronchitis, undernourishment, secondary anemia, rales in the lung, persistent cough, neurasthenia, and underweight; and the other, dated May 6, 1936, showed that insured had been treated for secondary anemia, malnutrition, undernourishment, neurasthenia, and a weight deficiency. There was evidence introduced without objection that the causes of insured’s death were tuberculosis of the lung — far advanced, tuberculosis of the intestine, and tuberculosis of the larynx.
 

 On plaintiff’s cross-examination Dr. Orlando Lazzaro testified that he had treated insured and made the diagnoses, but that he had destroyed all of his general practice records. Plaintiff by examination of this witness endeavored to elicit from him the fact that the diseases or conditions for which he had treated insured were not serious. In this respect we think that plaintiff
 
 *213
 
 failed, as the doctor’s testimony was uncertain and inconclusive, and clearly insufficient to support a jury’s finding that the diseases or conditions for which insured had been treated within two years prior to the issuance of the policies were not serious.
 
 Baum, v. Metropolitan Life Ins. Co.,
 
 144 Pa. Superior Ct. 37, 19 A. 2d 486.
 

 The doctor testified that insured’s condition in 1935 was almost the same as in 1936, “except for lung trouble” which was found in 1935. In 1935 insured was twenty-five per cent below normal weight, and in 1936 twenty per cent. The witness “could not say for sure” that the twenty per cent weight deficiency in 1936 was serious. If it was not serious, the twenty-five per cent deficiency in 1935 may have been a serious condition, especially in connection with the lung trouble and her other symptoms. He was not asked whether such deficiency was serious.
 

 We think that what was said by Mr. Justice Maxey in
 
 De Reeder et al. v. Travelers Ins. Co.,
 
 329 Pa. 328, at page 333, 198 A. 45, at page 47, is applicable to the present case: “The burden of proof resting upon plaintiffs in civil actions cannot be met by conjectures....... The evidence of facts and circumstances on which plaintiff relies and the inferences logically deducible therefrom must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition.”
 

 It would be a mere guess or conjecture to say that the diseases or conditions for which insured was treated within the period of two years prior to the date of the policies were not serious. We believe it would be just as reasonable to find from the evidence that they were serious. The burden was on plaintiff to show their non-serious character.
 
 Baum, v. Metropolitan Life Ins. Co.,
 
 supra, p. 40;
 
 McDermott v. Metropolitan Life Ins. Co.,
 
 8 N. Y. S. 2d 896, affirmed, 27 N. Y. S. 2d 462;
 
 Davis v. Metropolitan Life Ins. Co.,
 
 Ohio App., 31 N. E. 2d
 
 *214
 
 98. The verdict cannot be permitted to stand upon a mere conjecture.
 
 Musleva v. Patton Clay Mfg. Co. (No. 1),
 
 338 Pa. 249, 254, 255, 12 A. 2d 554;
 
 Dangelo et al. v., Pennsylvania R. Co.,
 
 301 Pa. 579, 585, 152 A. 743;
 
 Lemak et al. v. City of Pittsburgh,
 
 147 Pa. Superior Ct. 62, 23 A. 2d 354.
 

 Judgment is affirmed.