**546**

## LUKON v. PENNSYLVANIA R. CO.
### Civ. A. No. 1128.

District Court, W. D. Pennsylvania.

Feb. 27, 1942. .

Kunkle, Walthour & Trescher and Rabe F. Marsh, all of Greensburg, Pa., for plaintiff.

Dalzell, McFall & Pringle, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages from the defendant, by reason of alleged negligence which caused the death of Mike Lukon, an employe of defendant. At the conclusion of the evidence, defendant requested the Court to direct a verdict in its favor, and also, submitted a point for binding instructions. This was refused. The jury returned a verdict in favor of the plaintiff in the sum of $2,876.80. The action is now before us on defendant's motion for an order directing that the verdict and judgment thereon be set aside, and that judgment be entered in favor of the defendant; also, on plaintiff's motion for a new trial. The latter motion was not pressed at the argument.

Plaintiff sets forth in her complaint, that she is executrix of the estate of Mike Lukon, deceased; that on November 16, 1938, said Mike Lukon was a section hand of the defendant, and as such, was engaged at the time of the injuries described therein, in interstate commerce; that Lukon was returning from his work; and while walking on the premises of the defendant, in a westerly direction, on a path on the southerly side of its right of way in the City of Jeannette, Westmoreland County, Pennsylvania, a lump of coal from a train operated in an easterly direction, struck Lukon, causing a fracture of his skull and injuries which resulted in his death the following day.

The negligence charged was the piling of coal on the locomotive tender loosely, or so high that a lump thereof became dislodged and struck Lukon, and in failure to make a proper inspection of how said coal was loaded.

Defendant contends that the evidence was insufficient to support a finding that Lukon's injuries resulted from a cause for which defendant can be held liable to the exclusion of other equally probable causes for which the defendant would not be liable in this case.

In Pfendler v. Speer, 323 Pa. 443, 448, 185 A. 618, 620, the Supreme Court of Pennsylvania laid down the following rule: "Circumstantial evidence to sustain a verdict must be so strong as to preclude the possibility of injury in any other way, and provide as the only reasonable inference the conclusion for which the contention is made." :

██ It is well established in Pennsylvania, that where the plaintiff's right to recover depends upon circumstantial evidence, that plaintiff must establish a cause of action for which the defendant is liable to the exclusion of other equally probable causes for which there is no liability. Smith v. Pennsylvania R. R. Co., 2 Cir., 239 F. 103; Dangelo et al. v. Pennsylvania R. R. Co., 301 Pa. 579, 585, 152 A. 743; Erbe v. Philadelphia R. T. Co., 256 Pa. 567, 570, 100 A. 966; Raftery, Adm'r v.

Pittsburgh & W. Va. Ry., 284 Pa. 555, 131 A. 470; Skrutski v. Cochran et al., 341 Pa. 289, 19 A.2d 106.

In New York Central Railroad Company v. Ambrose, Administratrix, 280 U.S. 486, 489, 490, 50 S.Ct. 198, 199, 74 L.Ed. 562, which was an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the Supreme Court, in its opinion stated:

"In any view of the matter, the respondent (plaintiff), upon whom lay the burden, completely failed to prove that the accident was proximately due to the negligence of the company. It follows that the verdict rests only upon speculation and conjecture, and cannot be allowed to stand. Chicago, M. & St. P. Ry. v. Coogan, 271 U.S. 472, 478, 46 S.Ct. 564, 70 L.Ed. 1041, and cases cited.

"The utmost that can be said is that the accident may have resulted from any one of several causes, for some of which the company was responsible, and for some of which it was not. This is not enough. See Patton v. Texas & Pacific R. Co., 179 U.S. 658, at page 663, 21 S.Ct. 275, 277, 45 L.Ed. 361, where this court said:

" 'The fact of accident carries with it no presumption of negligence on the part of the employer; and it is an affirmative fact for the injured employe to establish that the employer has been guilty of negligence. * * * It is not sufficient for the employe to show that the employer may have been guilty of negligence; the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony; and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs.' "

In Pennsylvania Railroad v. Chamberlain, Administratrix, 288 U.S. 333, 339, 53 S.Ct. 391, 393, 77 L.Ed. 819, which was an action under the Federal Employers' Liability Act, the Supreme Court stated: "We, therefore, have a case belonging to that class of cases where proven facts give equal support to each of two inconsistent inferences; in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences as against the other, before he is entitled to recover."

The Supreme Court, also, on page 340, of 288 U.S., on page 393 of 53 S.Ct., 77 L.Ed. 819, quoted with approval a Massachusetts case, Smith v. First Nat. Bank, 99 Mass. 605, 97 Am.Dec. 59, wherein it was stated: " 'There being several inferences deducible from the facts which appear, and equally consistent with all those facts, the plaintiff has not maintained the proposition upon which alone he would be entitled to recover. There is strictly no evidence to warrant a jury in finding that the loss was occasioned by negligence and not by theft. When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of those propositions against the other is necessarily wrong.' "

See, also, Atchison, Topeka & Santa Fe Railway Company v. Toops, Administratrix, 281 U.S. 351, 50 S.Ct. 281, 74 L.Ed. 896, which was an action under the Federal Employers' Liability Act.

■ There was no evidence in this action that the tender or cars of a passing train or trains were overloaded with coal or improperly loaded, or that they were not inspected. On the contrary, the evidence showed that the coal had been properly loaded; that the coal was not piled too high and that the same had been inspected before said train or trains were in motion. There, also, was no evidence that any lump of coal fell or was thrown by the movement of the train nor was there any evidence that Lukon was struck by a lump of coal from a passing train or trains.

The tracks of the defendant in Jeannette, where the accident happened, run in an easterly and westerly direction. Plaintiff was walking in a westerly direction on a cinder path south of defendant's tracks. The train or trains complained of were running in an easterly direction. No person witnessed the fall, or the cause of Lukon's fall. His body was found with his feet lying at or about the path with his head

extending over near the first track and between the ties. His head was cut on the left back part thereof; his cap was also cut. There were some cinders in his cap and in his clothing. In the direction in which Lukon was walking, the right side of his head and body would be next to the approaching train or trains. It is difficult to understand how a lump of coal falling or thrown from the train could have cut Lukon's head on the back left-hand side, although that could have happened if he had turned, of which there was no evidence. The force of any coal falling or thrown from defendant's trains going in an easterly direction would have been away from the track, so it is difficult to understand how the body of Lukon was found between the path and the track, instead of being on the opposite side of the path. The inference is equally as reasonable that Lukon stepped on a lump of coal which was on the path or near the path (of which there was evidence that there was such coal lying) and that this caused him to fall against the train, causing the injury which he received; or, it is also equally reasonable to infer that Lukon, who had been injured about six weeks before the accident and who had returned to work for the first time on the day of the accident, became dizzy for some reason and fell against the train. At any rate, there is no direct evidence of what caused the injury to Lukon's head. The evidence is entirely circumstantial and the probable cause of his injury is equally as strong that the injury was caused by some other reason, of which two are referred to above, as the sole reason for which the plaintiff relies for a recovery in this action.

Defendant has also argued in support of its motion, that this action is not within the purview of the Federal Employers' Liability Act because Lukon was not in the course of his employment in interstate commerce at the time of the accident. Defendant also contends that the evidence is wholly insufficient to sustain a finding of any negligence on the part of the defendant which is the proximate cause of the death of Lukon; and it also contends that if Lukon was engaged in interstate commerce at the time of the accident, that he assumed the risk in this case as an incident of his employment. It is not necessary to consider or discuss these reasons by virtue of the position taken on the reason discussed.

And now, the motion of the defendant to have the verdict and judgment entered in this case set aside and to have judgment entered in accordance with defendant's motion for a directed verdict, is hereby granted and said verdict and judgment in favor of the plaintiff is hereby set aside, and it is ordered and directed that judgment be entered in favor of the defendant.

The motion of plaintiff for a new trial is refused.