REBECCA WINTER, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, A FOREIGN CORPORATION, DEFENDANT-APPELLANT.

Argued October 6, 1942—Decided November 6, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the defendant-appellant, *Drewen & Nugent* and *Frederick M. Rollenhagen.*

For the plaintiff-respondent, *Nathan Baker.*

The opinion of the court was delivered by

BODINE, J. The plaintiff, the beneficiary under a policy of life insurance upon her mother's life, sued to recover the amount due thereon. The policy was issued February 1st, 1937. The insured died November 15th, 1937. The policy contained the following clause: "When a policy is Voidable. If (1) within two years prior to the date of issue of this Policy the insured has been a patient at, or an inmate of, any institution for the treatment of physical or mental disease, or has undergone any surgical operation, or has been attended by a physician, unless it shall be shown by the Insured or any claimant that no such institutional, surgical, or medical treatment or attention was for a serious disease, injury, or physical or mental condition; or if (2) prior to such date of issue the Insured has been rejected for life insurance by this or any other insurer; then, in any such case, this Policy shall, subject to the clause entitled Incontestability, be voidable by the Company, unless reference to such institutional, surgical, or medical treatment or attention, or such prior rejection, is endorsed on this Policy by the Company. If this Policy does not take effect, or is voided by the Company, the Company will return the premiums paid."

The insured was treated at the Irvington General Hospital by Dr. Walter T. Gutowski from July 27th, 1935, to and including August 6th, 1935. It is to be noted that this treatment was not endorsed upon the policy and was within the two year period mentioned in the policy. The duty was, therefore, cast upon the claimant to show that the treatment was not for a serious physical condition. *McDermott* v. *Metropolitan Life Insurance Co.*, 8 *N. Y. Supp.* (*2d*) 896; *affirmed*, 27 *Id.* 462; *Davis* v. *Metropolitan Life Insurance Co.*, 31 *N. E. Rep.* (*2d*) 98; *Gambill* v. *Metropolitan Life Insurance Co.*, 38 *Id.* 827; *Rakowski* v. *Metropolitan Life Insurance Co.*, 40 *Id.* 617; *Baum* v. *Metropolitan Life Insurance Co.*, 144 *Pa. Super.* 37; 19 *Atl. Rep.* (*2d*) 486; *Russo* v. *Metropolitan Life Insurance Co.*, 147 *Pa. Super.* 210; 24 *Atl. Rep.* (*2d*) 167.

Dr. Gutowski, called as a witness by the defendant was not asked as to the seriousness of the ailment for which he treated the insured. The proof of treatment, undisclosed upon the

policy as stated, cast the burden of showing the nature of the ailment upon the claimant. In an attempt to satisfy this requirement, Dr. Aaron Bengelsdorf, who treated the insured before her death for hypertension (high blood pressure)—she died of cerebral hemorrhage—was asked a hypothetical question as to whether the treatment in the Irvington General Hospital was for a serious physical condition.

It was the theory, on which the case went to the jury, that such proof made the issue one for the jury. Not so. The question was not predicated upon any proofs as to what her condition was, but merely upon the fact that she walked to the hospital some seven blocks from her home and up a hill and that prior thereto she had been engaged in cooking, cleaning and attending meetings.

The non-disclosure, as to the hospitalization, cast the burden of proof upon the claimant to show that the condition for which treatment was sought was not serious. The attending physician and the hospital records would have showed precisely the physical condition and, when duly proved, opinion evidence might have been sought upon the question of the seriousness of the condition.

That a person walks and cooks shows nothing as to the soundness of health. Instances are too numerous to mention of a disease impairment not obvious to relatives and friends. The hypothetical question propounded to the physician was incompetent since it was not predicated upon sufficient facts to call for a reasoned opinion. The hospital records and the testimony of the insured's then attending physician was the best proof of the nature of her condition. Before this condition was proved the case was not ripe for proof as to whether or not the condition was serious. The hypothetical question does not show that the insured was treated twice a day while in the hospital. This excluded hypothesis made the question faulty. *Molnar* v. *Hildebrecht Ice Cream Co.*, 110 *N. J. L.* 246; *Schwartz* v. *Howard Savings Institution*, 117 *Id.* 180. The proofs failed to make the case one for the jury. A verdict for the defendant should have been directed. The premiums were tendered into court.

The judgment is reversed, with costs.