Huber, Admrx., Appellant, *v.* Philadelphia Gas Works Company.

Argued November 25, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edwin Fischer,* for appellant.

*Arthur Littleton,* with him *Murdoch K. Goodwin* and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY MR. JUSTICE LINN, January 6, 1947:

Plaintiff appeals from judgment on a verdict directed for the defendant. The plaintiff is the administratrix of Joseph M. Huber, her husband, who, early in the morning of July 25, 1945, was found lying in a trench in a sidewalk with one of his legs broken. He brought suit on September 10, 1945, and died on October 4, 1945, from the results of the injury; his administratrix was substituted as plaintiff.

Defendant was engaged in laying gas pipes in the east sidewalk of Delaware Avenue and in the course of that work had dug a trench from a point near Laurel Street on the north to a point near Ellen Street on the south, a distance of about 225 feet. The trench was dug by a machine known as a trench digger, said to be as "large as an automobile." A witness for the plaintiff described the trench as about five feet deep and about three feet wide, while the operator of the trench digger, called by the defendant, testified that the trench was eighteen inches wide and three feet deep. It extended parallel with the curb and was about eight feet east of it. When defendant's workmen stopped working on the evening before Huber was found in the trench, the sidewalk at the upper end was barricaded and at the lower end the trench digger was left in place and occupied the sidewalk. Red lights were on the barricade and on the trench digger. On the curb side of the trench and between the curb and the trench was a deposit of excavated material from two to three feet high and on the opposite side of the trench on the sidewalk there

was a mound of earth about six inches high. Red lights were also placed along the trench sides; in addition, three overhead arc lights furnished some light, one of them being about sixty feet away from the point where Huber was found. A witness, present at the time, testified it was "not a dark night"; "I could see all right." One of plaintiff's witnesses testified that "you could walk on both sides where the trench was. There was plenty of space to walk."

At about three o'clock in the morning a party of men going home from work discovered Huber lying in the trench. They got him out and arranged for his removal to St. Mary's Hospital. He was suffering, as Dr. Sabol testified, from "a fracture of the right femur at about the junction of the lower and middle thirds." Dr. Sabol, who described himself as "one of the chief surgeons" at St. Mary's Hospital, and who treated Huber, gave no evidence that Huber was suffering from any other physical infirmity when received at the hospital.

There is no evidence describing how Huber got into the trench. Counsel for the appellant suggests that, as a witness testified, there were in the trench "pieces of cement from part of the sidewalk" and as there were pieces of cement out of the sidewalk, it must have given way under him as he passed over it. As the sidewalk had a cement surface, it would of course be broken and pieces might be lying about, but the evidence is not sufficient to support a finding that Huber fell into the trench while lawfully passing on the sidewalk. There is nothing in the record explaining why Huber's deposition was not taken in the hospital; Dr. Sabol and hospital attendants must have seen him frequently and the plaintiff, his wife, saw him, as she testified, "every day." President Judge FINLETTER, who tried the case, correctly summarized the evidence in saying "The net result of the testimony is that nobody knows how [Huber] got

into the trench or was injured." The burden of proof was on the plaintiff; compare *Waldron v. Metropolitan Life Ins. Co.*, 347 Pa. 257, 259, 31 A.2d 902; *Anderson v. Reading Co.*, 306 Pa. 246, 159 A. 450; *Erbe v. P. R. T. Co.*, 256 Pa. 567, 100 A. 966. She failed to prove that Huber's injury resulted from any breach of duty by defendant.

Judgment affirmed.