## Rivera v. P.P.&L.

*Robert F. Creem,* for plaintiff.

*George M. Nace II,* for defendant Consolidated Rail Corp.

*Frank G. Procyk,* for defendant P.P.&L.

GARDNER, *J.,* July 1, 1987—This matter is before the court on the motion for summary judgment

filed by defendant Consolidated Rail Corporation. Previously Conrail was erroneously designated in the caption of this case as Central Railroad of New Jersey, d/b/a Conrail. The caption was corrected by a stipulation of the parties approved by the court and filed January 27, 1987.

By previous court order the court granted motions for summary judgment for defendants Allentown Swim and Boat Club Inc., Allentown Housing Authority and the city of Allentown. Remaining as defendants in this action are Conrail and Pennsylvania Power & Light Company. Although PP&L filed no motion for summary judgment, counsel for PP&L appeared and argued in support of granting Conrail's motion.

Conrail contends that it is entitled to a motion for summary judgment primarily for two reasons. First, Conrail contends that plaintiff is barred from recovery as a matter of law on the doctrine of assumption of the risk. Second, Conrail contends that plaintiff was a trespasser to whom Conrail owed no duty under the circumstances of this case.

The pleadings and discovery including depositions on file establish that in the evening of September 13, and the early morning hours of September 14, 1983, plaintiff James Rivera, 28, was walking on a path adjacent to a Conrail railroad track. Plaintiff was accompanied by a friend. They were using the railroad track to take a shortcut from east Allentown to center city Allentown. Earlier that day plaintiff had consumed some alcoholic beverages at a party.

Located on the property owned by Conrail across which plaintiff was traveling was an electrical tower carrying electric wires. The tower and wires were owned by defendant PP&L.

Plaintiff recalls walking approximately 300 meters on the railroad track. Plaintiff contends that he

remembers nothing thereafter until he woke up in the hospital.

An Allentown police officer, responding to a report, found plaintiff's friend up in the electrical tower, where he had apparently climbed. Plaintiff was found lying approximately 10 feet from the base of the tower. It was susequently determined that the friend was burned over 95 percent of his body and plaintiff was burned over 35 percent of his body. One of plaintiff's burns was a burn on the back of one of his hands. A wire-cutting implement was found nearby. Plaintiff denies ownership or knowledge of that wirecutter.

The day after the accident Officer Carl Held of the Allentown police filed a police report which stated, in part, "was not able to enter burn unit [in the hospital] to interview victims." This report was filed by Officer Held on September 15, 1983, and was made part of the record by the city of Allentown in response to a request for production of documents. Subsequently, in his deposition, Officer Held testified that he did, in fact, interview plaintiff at the hospital. Officer Held stated that plaintiff acknowledged climbing the tower with his friend.

In plaintiff's deposition, plaintiff testified that he did not see any police officers until he was taken away from the hospital, nor did he remember talking to any police officers at that time. Plaintiff also stated at his deposition that he was aware there was an electrical tower on this property, that he knew he should stay away from electrical towers because of the presence of electrical wires. He knew that attempting to clip such wires or other contact with such electric lines would subject him to the danger of electrocution. Plaintiff specifically testified that

he was unable to recall how he came in contact with the wire on this occasion.

One of the definitions of the legal doctrine of assumption of the risk is "a voluntary exposure to a known or obvious danger which negates liability of defendant." *Pritchard v. Liggett & Myers Tobacco Co.,* 350 F.2d 479 (3d Cir. 1965); *Stephenson v. College Misericordia,* 376 F. Supp. 1324 (M.D. Pa. 1974). There is, however, a factual dispute between the parties concerning whether plaintiff voluntarily exposed himself to this known danger. Conrail and PP&L contend that he did. Plaintiff contends that he did not.

Plaintiff's theory is that he tripped, slipped or fell into the tower, and did not voluntarily climb it. Plaintiff relies, in part, upon the existence of a burn in the back of his hand. Plaintiff contends that the location of such electrical burn is consistent with an accidental falling into the tower and inconsistent with an intentional grasping of the tower. At the present time, although there are other explanations for this burn consistent with plaintiff's climbing the tower, such determinations are the province of the jury.

Moreover, there is an additional factual dispute concerning whether plaintiff climbed the tower. Defendants rely solely upon Officer Held's testimony of plaintiff's admission to establish that plaintiff climbed the tower. Plaintiff specifically refutes talking to Officer Held in the hospital. In addition, plaintiff argues that Officer Held's police report, filed the day after the accident, is inconsistent with his subsequent deposition testimony in that regard. This dispute should also appropriately be resolved by the jury. Accordingly, we are not prepared to rule, as a matter of law, that the doctrine of assump-

tion of the risk precludes plaintiff from a recovery in this action.

Defendant Conrail also argues, however, that as a matter of law it owes no legal duty to plaintiff under the circumstances of this case. We agree.

Plaintiff was clearly a trespasser by his own admission in plaintiff's deposition, as corroborated by Officer Held's deposition. Plaintiff entered a guilty plea to the criminal charges of defiant trespass and criminal mischief as a result of his participation in these events.

It has long been held by the courts of Pennsylvania that a railroad company has, except at crossings, a right to the exclusive possession of its tracks, roadbed and property and is not bound to anticipate the presence of anyone at those locations. *Tiers v. Pennsylvania Railroad Company*, 292 Pa. 522, 141 Atl. 487 (1928). This is true whether the railroad is in the vicinity of many or a few inhabitants. *Brague v. Northern Central Railroad Company*, 192 Pa. 242, 43 Atl. 987 (1899). A railroad has no duty or obligation to exercise active vigilance against the injuries to trespassers and is bound to abstain only from wantonly, recklessly or willfully injuring trespassers. *Dangelo v. Pennsylvania Railroad Company*, 301 Pa. 579, 152 Atl. 743 (1930); *Noonan v. Pennsylvania Railroad Company*, 128 Pa. Super. 497, 194 Atl. 212 (1937). In addition, no landowner, including railroads, owe a duty to warn a trespasser of known and obvious dangers. Accordingly, as a matter of law, Conrail owed no legal duty to plaintiff on the occasion in question. Therefore, we grant Conrail's motion for summary judgment.

There remains, then, one defendant in this action, PP&L, the owner of the electric tower. The issues of PP&L's duties and liabilities, if any, under

the circumstances of this case, will have to be resolved at trial.

## ORDER

Now, July 1, 1987, upon consideration of the motion for summary judgment filed by defendant Consolidated Rail Corporation on March 25, 1987, after oral argument held this date, upon consideration of the briefs of the parties, and for the reasons expressed in the accompanying discussion,

It is ordered that the motion for summary judgment of defendant Consolidated Rail Corporation is granted.