Stewart, Administrator of the Estate of Kuehneisen, Dec'd, *v.* The Prudential Insurance Company of America, Appellant.

*Insurance—Accident insurance—Death from violent and external causes—Evidence.*

In an action of assumpsit upon an insurance policy for death resulting from "bodily injuries effected solely through external, violent and accidental causes," the evidence disclosed that the deceased was found lying upon his face with a crushed skull at the foot of a

stairway. A physician testified that the cause of death was a cerebral hemorrhage caused by fracture of the skull.

Such evidence, in the absence of testimony of any internal disorder likely to cause a fall, is sufficient to warrant a finding that death resulted from his falling downstairs.

It is not necessary that there be direct proof of the precise cause of the accident. If that were so there could never be a recovery in similar cases unless the accident happened in the presence of witnesses who were able to testify as to the details thereof.

Argued October 26, 1927. Appeal No. 38, April T., 1928, by defendant from judgment of C. P. Allegheny County, No. 1277, July T., 1925, in the case of J. Clark Stewart, Administrator of the estate of Fred W. Kuehneisen, Deceased, v. the Prudential Insurance Company of America, a corporation of the State of New Jersey. Before, PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an accident insurance policy. Before MARTIN, J.

The opinion of the Superior Court states the facts.

Verdict for plaintiff in the sum of $1,136.20 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the order of the Court refusing a new trial.

*John H. Scott,* and with him *John L. Miller* and *Duff, Marshall & Davis,* for appellants.—The plaintiff failed to prove death produced by accidental means: Semancik v. Continental Casualty Insurance Co., 56 Pa. Superior Court 392, 398 and 399; Carnes v. The Iowa Travelers Men's Assn., 106 Iowa 281; 76 N. W. 683; General Accident, Fire & Life Association v. Murray; 120 Va. 115; 90 S. E. 620; Bell v. State Life Insurance Company of Indianapolis 1919 (Ga. Ct. of App.) 101 S. E. 541.

*John J. Kennedy* and with him *Frank C. Rugh,* for appellee.—Where all the circumstances indicate that the plaintiff fell downstairs, the inference is that the fall caused his death: Keefer v. Pacific Mutual Life Insurance Company, 201 Pa. 448; McCullough v. Railway Mail Association, 225 Pa. 118; Taylor v. General Accident Assurance Corporation, Limited, 208 Pa. 439; Hill v. Central Accident Insurance Company, 209 Pa. 632.

PER CURIAM, March 2, 1928:

This is an action on a policy of insurance which provides for the payment to the estate of the insured of $1,000 upon the death of the insured as a result "of bodily injuries, effected solely through external, violent and accidental causes." The affidavit of defense denies that the insured died as a result of bodily injuries effected solely through external, violent and accidental causes and avers that the cause of his death is not known. This was the issue submitted to the jury. The sole contention here is that there was no evidence which would warrant the jury in finding that the cause of death was within the above quoted terms of the policy. It appears that on the evening of October 4, 1924, the insured lived with his father, his brother and his minor son in a house on Michigan Avenue, Pittsburgh, Pennsylvania. Access to the second floor was by a stairway leading from the back porch on the first floor. At the foot of the steps there was a landing or platform about three feet square. On the night of October 4, 1924, the insured left his home to get oil and gas for his automobile, and so far as the testimony discloses he was not seen again alive. Between seven and eight o'clock on the following morning he was found dead upon the platform at the foot of the steps above mentioned, lying face downward with his head on the platform and his body and legs extending

up the stairs. A physician testified that the bones of the skull about the bridge of the nose were crushed and that the insured had been dead for several hours, the cause of death being a cerebral hemorrhage caused by fracture of the skull. There was evidence that he had a bruise on one cheek, a bruise on his chin, and one witness described his face as "caved in." The burden was upon the plaintiff to prove that the death was the result of an external, violent and accidental cause. The defendant seems to concede that the death was an accidental one but its contention is that the producing cause of it was not shown to be accidental. With this we cannot agree. After full consideration we are of one mind that the evidence warrants a finding by the jury that death resulted from his accidentally falling down the stairs. There was no evidence of any internal disorder which was likely to cause a fall. It was not necessary that there be direct proof of the precise cause of the fall. If that were so, there could never be a recovery under a policy like this, unless the accident happened in the presence of witnesses, who were able to testify as to the details thereof. Circumstantial evidence may be sufficient. We think it was such here, and that the decisions in McCullough v. Railway Mail Association, 225 Pa. 118, and Taylor v. General Accident Assurance Corportion, Limited, 208 Pa. 439, and kindred cases, sustain the action of the learned court below.

The judgment is affirmed.