**DAVIS, Admr. v METROPOLITAN LIFE INSURANCE CO.**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17086. Decided May 29, 1939

Harry E. Davis, Cleveland, for plaintiff-appellee.

Bushnell, Burgess, Fulton & Chandler, Cleveland, for defendant-appellant.

**OPINION**

PER CURIAM:

This was an action on the contract brought in the Municipal Court of Cleveland, Ohio, on the 19th day of November, 1937. This action was predicated upon an industrial policy of life insurance issued by The Metropolitan Life Insurance Company to Joseph Marshall, plaintiff's decedent. The plaintiff sought to recover Two Hundred Sixty Eight ($268.00) Dollars which was the face amount of the policy. The case was tried to the court and after both parties had rested, plaintiff's motion for judgment for the amount prayed for was granted.

On June 6, 1937, the plaintiff's decedent, applied in writing to the defendant for a policy of life insurance in the amount of $268.00. The initial premium was paid and the policy was issued to the plaintiff's decedent, June 14, 1937. On August 4, 1937, the insured died from a self-inflicted gunshot wound through his head.

The pertinent part of the policy involved is as follows:

"When Policy Is Voidable: If (1) within two years prior to the date of issue of this policy the insured has been a patient at, or an inmate of, any institution for the treatment of physical or mental disease, or has undergone any surgical operation, or has been attended by a physician, unless it shall be shown by the insured or any claimant that no such institutional, surgical, or medical treatment or attention was for a serious disease, injury, or physical or mental condition; or if (2) prior to such date of issue the Insured has been rejected for life insurance by this or any other insurer; then, in any such case, this Policy shall, subject to the clause entitled Incontestability, be voidable by the Company, unless reference to such institutional, surgical or medical treatment or attention, or such prior rejection, is endorsed on this policy by the Company. If this Policy does not take effect, or is voided by the Company, the Company will return the premiums paid."

After the death of the insured, the defendant learned that the insured had been treated many times by physicians within two years prior to the date of issue of the policy. Pursuant to the above quoted paragraph in the policy, the defendant elected to void the policy and tendered a return of the premiums paid, which tender was kept good. Plaintiff refused to accept the tender and on November 19, 1937, brought suit against

the defendant for the face amount of the policy.

At the trial, plaintiff made out his prima facie case and introduced the policy. The defendant then put Dr. Stanley E. Brown on the stand as its witness. The doctor testified that he had attended the insured on October 2, 1936, Otober 8, 1936, October 10, 1936, November 27, 1936, December 1, 1936, December 8, 1936, December 27, 1936, May 3, 1937, May 20, 1937 and June 7, 1937. The doctor also testified that he had attended the insured at his home and his office, that he had examined the insured and that he had prescribed for the insured. This was all that the doctor could disclose, any further testimony as to the condition of the insured, his state of health or the results of his examination being inadmissable under the statute governing Privileged Communications and Acts (§11494, GC).

Medical attendance within two years prior to the date of issue of the policy (June 4, 1937) having been shown by the defendant, it rested. In order to recover under the above quoted terms of the contract, it then was incumbent upon the plaintiff to show that such medical treatment or attention was not for a serious disease.

This plaintiff did not do. Instead, plaintiff moved for judgment and the trial court, erroneously refusing to consider and completely ignoring the terms of the contract, granted plaintiff's motion.

An appeal was taken by the defendant from the judgment of the Municipal Court and on May 29, 1939 this cause came on to be heard upon the pleadings and the transcription of the record in the Municipal Court of the City of Cleveland, and was argued by counsel.

On consideration whereof, the court certifies that in its opinion substantial justice has not been done the party complaining, as shown by the record of the proceedings and judgment under review, and the judgment of the said Municipal Court is reversed, for the reason that the burden of showing that decedent was not treated for a "serious disease" rests upon the plaintiff under the terms of the insurance contract, and the court erred in rendering judgment for plaintiff on motion; no other error appearing in the record, and this cause is remanded to said Municipal Court for further proceedings.

It is therefore considered that appellant recover of appellee its costs herein.

Ordered that a special mandate be sent to municipal court to carry this judgment into execution. Exceptions.

TERRELL, PJ, LIEGHLEY, J, MORGAN, J, concur.