Baum *v.* Metropolitan Life Insurance Company,
Appellant.

Argued October 11, 1940.

38 

 Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ. 

*John Bishop*, with him *Francis L. Van Dusen, Dechert, Smith & Clark, Harry Cole Bates* and *Owen B. Rhoads*, for appellant.

*Daniel Marcu*, for appellee.

OPINION BY BALDRIGE, J., January 30, 1941:

An action in assumpsit was brought upon a policy of life insurance dated March 1, 1937, issued by the defendant. The insured, the plaintiff's husband, died suddenly July 16, 1937, from a cause not shown on this record.

The policy contained the following provision:

"If (1) within two years prior to the date of issue of this policy the Insured has been a patient at, or an inmate of, any institution for the treatment of physical or mental disease, or has undergone any surgical operation, or has been attended by a physician, unless it shall be shown by the Insured or any claimant that no such institutional, surgical, or medical treatment or attention was for a serious disease, injury, or physical or mental condition; or if (2) prior to such date of issue the Insured has been rejected for life insurance by this or any other insurer; then, in any such ,case, this

Policy shall, subject to the clause entitled Incontesta-
bility, be voidable by the Company, unless reference to
such institutional, surgical, or medical treatment or
attention, or such prior rejection, is endorsed on this
Policy by the Company ......"

Defendant averred in its affidavit of defense that the
insured had, within two years prior to the date of the
policy, received treatments at the Jefferson Hospital
for a serious disease, i. e., osteomyelitis of the right leg,
for which condition he was attended during that period
by a physician or physicians, and no reference thereto
was endorsed on the contract of insurance; that the
first knowledge of this serious disease or condition and
the treatments therefor was obtained after the death of
the insured.

The plaintiff at the trial made out a prima facie case
by introducing in evidence certain portions of the state-
ment of claim, the policy of insurance, and the payment
of premiums. Defendant produced the records of the
Jefferson Hospital, showing that the insured had been
treated in the surgical clinic of that institution on
thirty-nine different occasions in the two year period
immediately prior to the date of the policy. Dr. Steiner
was called as a witness in rebuttal, who stated over
defendant's objection that he had examined the in-
sured, January 26, 1936, when he made application to
become a member of a beneficial association, and that
he did not notice any osteomyelitis. "I examined him
and found him in good physical health. At that time
I believe that Mr. Baum had some sort of a wound—a
bullet wound—in his right leg; a bullet wound re-
ceived during the war." The plaintiff admitted on
cross-examination that her husband had received treat-
ments for his leg in the Jefferson Hospital prior to his
death. There was other testimony by acquaintances of
the insured that he was able to do his work as a
printer, drive his car, and engage in normal activities.

The trial resulted in a verdict for the plaintiff in the sum of $908, upon which judgment was entered. This appeal followed.

The appellant's main contention is that the plaintiff failed to carry the burden of showing that the insured's hospital treatments during the two years prior to the issuance of the policy, were not for a serious disease. The clause in the policy above quoted is one that has been adopted recently by the defendant company and apparently has not been construed by an appellate court in this Commonwealth, although it has been passed upon by the higher courts of New York and Ohio. In *McDermott v. Metropolitan Life Insurance Company,* 8 N. Y. Supp. (2nd) 896, this same provision was under consideration. There the claimant gave no proof that the ailment for which the insured was treated by a physician was not a serious disease. The Appellate Division of the New York Supreme Court held that a verdict should have been directed for the defendant. The judgment was later modified (8 N. Y. Supp. (2nd) 897) by reducing plaintiff's recovery to the sum of $11.50 and costs.

The provision with which we are concerned was also before the Court of Appeals of Ohio in *Davis v. Metropolitan Life Insurance Company,* 31 N. E. 2d 98, and in *Baranowicz v. Metropolitan Life Insurance Company,* opinion filed June 17, 1940. Both decisions were in harmony with that rendered in the McDermott case.

The defendant having proved the numerous treatments the insured received in the Jefferson Hospital, by the records of that institution, which were competent (*Evans v. Penn Mutual Life Insurance Company,* 322 Pa. 547, 555, et seq., 186 A. 133), the burden of going forward with the evidence was then undoubtedly shifted to the plaintiff to show that they were not for a serious disease: *Henes v. McGovern,* 317 Pa. 302, 310, 311, 176 A. 503.

Our appellate courts and those of our sister states have consistently held that a lay witness may testify as to certain matters involving health, the apparent physical condition of a person, and as to obvious symptoms, but his testimony must be confined to facts within his knowledge, and may not be extended to matters involving the existence or non-existence of a disease, which is only discoverable through the training and experience of a medical expert: *The U. B. Mutual Aid Soc. v. O'Hara,* 120 Pa. 256, 265, 13 A. 932; *Lombard etc. Pass. Ry. Co. v. Anna Christian,* 124 Pa. 114, 123, 16 A. 628; *Critzer et ux. v. Donovan et al.,* 289 Pa. 381, 386, 387, 137 A. 665; *Jefferson Std. Life Insurance Co. v. Pierce,* 264 Ky. 698, 95 S. W. (2nd) 579, 581, 582, 583; *Kramer Service Inc. v. Wilkins,* (Miss.) 186 So. 625, 628.

If one has a serious disease, for example a heart condition, or, as here, osteomyelitis, it is not readily observable by the naked eye or even by a physical examination unless symptoms are ascertained and appropriate tests made: *Scharlach v. Pacific Mutual Life Insurance Company,* 16 F. (2nd) 245; *Aetna Life Insurance Company v. Shipley,* (Tex.) 134 S. W. (2nd) 342, 346.

The policy was issued more than a year after Dr. Steiner made his examination and his testimony as to the extent and nature thereof was vague and indefinite. Furthermore, he did not directly contradict the hospital records by expressly stating that the insured had not within the two year period a serious disease. The testimony of the lay witnesses offered by the plaintiff that the insured's ailment was not revealed by his outward appearance had little, if any, probative value. Certainly it was not of the quality to successfully impeach the hospital records. We are not in accord with the view expressed by the learned court below in its opinion that the evidence offered by the plaintiff, that the treatments given the insured were for a bullet wound he re-

ceived about twenty years prior thereto, was sufficient to carry the burden imposed upon her and warranted the jury in finding a verdict in her favor. That evidence failed to establish that the insured was not treated for a serious disease which may have been independent of, or may have resulted from, that injury. More definite and specific evidence relating to the actual issue of the nature of the disease for which the insured was treated was imposed on the plaintiff.

The appellee cites *Taylor v. General Accident Insurance Company*, 208 Pa. 439, 57 A. 830; *Stewart v. Prudential Life Insurance Company*, 92 Pa. Superior Ct. 256; *Shugart v. Metropolitan Life Insurance Company*, 116 Pa. Superior Ct. 359, 176 A. 546; and *Dixon v. Metropolitan Life Insurance Company*, 136 Pa. Superior Ct. 573, 7 A. 2d 549. Those cases were brought under policies providing for accidental death benefits. In each case the accident was so clearly established as to reasonably exclude any other cause of death. The facts therein are entirely dissimilar to those before us and the rulings are not applicable here.

Under the old policies involving sound health provisions we have held that a defendant was entitled to a directed verdict notwithstanding testimony of lay witnesses that the insured apparently seemed healthy, where the plaintiff's own statement as well as that of the attending physician showed the existence of a disease and treatment therefor by a physician prior to the date of the issuance of the policy: *Paylo v. W. & S. Life Ins. Company*, 114 Pa. Superior Ct. 583, 174 A. 640.

Judgment is reversed and now entered for plaintiff in the sum of $13, the amount of premiums paid and tendered at the trial with costs accrued at time of tender.