Seymour COMINSKY, Individually and as Administrator of the Estate of Pearl Cominsky

v.

Mary DONOVAN, R.N., Medical Psychiatric Associates of Delaware Valley; Holy Redeemer Health System d/b/a Holy Redeemer Hospital and Medical Center; Marc Manzione, M.D.; Pennsylvania Orthopedic Associates, Inc.; Martin Cooper, M.D.; and Dr. Acker.

Appeal of: Holy Redeemer Hospital.

Superior Court of Pennsylvania.

Argued March 25, 2003.
Filed April 6, 2004.

Marion H. Griffin, Philadelphia, for appellant.

Kenneth M. Rothweiler, Philadelphia, for appellees.

Before: JOYCE, ORIE MELVIN and BECK, JJ.

BECK, J.

¶ 1 We decide whether the trial court erred in admitting lay witness testimony about the pain and suffering experienced by someone in a persistent vegetative state. We reverse and remand for a new trial on damages only.

¶ 2 Plaintiff-appellee Seymour Cominsky[1] filed this action on behalf of himself and the Estate of Pearl Cominsky, his wife, against defendant-appellant Holy Redeemer Health System, alleging that the appellant's negligence during post-operative care caused Pearl's brain injury and ultimate death. Appellee presented evidence that, as a result of the negligence of appellant's staff, Pearl Cominsky experienced pain, anguish and fear while she lay in a persistent vegetative state for nineteen days until she died. After a jury trial, the jury awarded damages for pain and suffering in the amount of $950,000 to the Estate of Pearl Cominsky, and $1,500,000 to Seymour Cominsky for loss of consortium. Appellant's post-trial motions were denied and judgment was entered on the jury's verdict.

¶ 3 In this appeal, appellant does not challenge the jury's finding of liability. Instead, appellant argues that: 1) the jury's award for Pearl Cominsky's pain and suffering was based on inadmissible evidence; 2) the award for Seymour Cominsky's derivative loss of consortium claim should have been vacated because the primary survival claim for pain and suffering was not established; and 3) the trial court should have granted remittitur because the jury's award of damages was excessive.

¶ 4 We consider appellant's first issue, regarding the admissibility of lay witness opinion testimony. We may reverse the trial court's evidentiary rulings only for an abuse of discretion or an error of law. *Cruz v. Northeastern Hospital*, 801 A.2d 602 (Pa.Super.2002). In this case, the trial court permitted Cynthia Woll and Robert Cominsky, the adult children of Pearl and Seymour Cominsky, to testify that their mother felt pain during the nineteen days she languished in a persistent vegetative state before her death. Appellant argues that this was improper opinion testimony by these lay witnesses.

¶ 5 Cynthia Woll, Pearl's daughter, testified as follows:

Q: Was your mom in any pain?

A: She looked to me like she was...

Mr. RYAN [appellant's counsel]: Objection.

THE COURT: Overruled. You may answer.

THE WITNESS: Thank you. She looked to me like she was in anguish; that, certainly, there had to be some sort of pain.

MR. [RYAN]: Move to strike.

THE COURT: Overruled.

Later, Woll's brother Robert Cominsky testified about his mother's condition:

Q: Did she appear to be in pain?

1. Seymour Cominsky died during the pendency of the litigation. His daughter Cynthia Woll was substituted as plaintiff.

MR. RYAN: Objection; leading the witness.

THE COURT: Overruled.

THE WITNESS: She appeared to be in a very anguished, painful or fearful state. When I would look into her eyes, I just saw—I mean, I just saw a pitiful, fearful, painful person.

¶ 6 We hold that this lay opinion testimony that Pearl Cominsky suffered pain while she was in a persistent vegetative state was incompetent and should not have been admitted.[2] Neither Woll nor Cominsky was a qualified medical expert. Indeed, the only medical expert to testify on the issue of damages was appellant's expert witness, Dr. David S. Prince. Dr. Prince testified that his review of Pearl's medical records led him to the conclusion that she did not experience pain while in that unconscious state. He opined, "There is no awareness at that level... Someone who has no consciousness, who is in a vegetative state, cannot determine pain." He further testified, in response to notations in the hospital records that Pearl would occasionally open her eyes while in this condition:

> That means that the eyes open. That doesn't mean that the brain was interpreting data. That's a typical reflex for a patient with severe brain injury. They open the eyes with stimulation, when you give them a painful stimuli [sic] with your knuckles, pinch their finger, you yell at them or you make some kind of stimuli. Instead of responding in consciousness, like you would or anybody else awake, the patient does a reflex. They open their eyes, they move like this.... That tells you that the

2. The dissent would hold that this issue has not been preserved for our review. However, the issue was raised in appellant's post-trial motion, in addition to the general objection lodged during Woll's testimony. Moreover, the trial judge decided the issue on its merits, raising no question in his opinion that it had not been preserved or that he did not understand the basis for the objection. In addition, appellee does not argue to this Court that the issue was waived. Under these circumstances, the general objection was sufficient to preserve the issue for our review. Pennsylvania Rule of Evidence 103 requires that, "in case the ruling is one admitting evidence, a timely objection, motion to strike or motion *in limine* appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." Counsel's general objection and motion to strike in this instance obviously related to this lay witness's competency to present her opinion that "there had to be some sort of pain." The general objection therefore preserved the error as its basis was "apparent from the context." Pa.R.E. 103(a)(1).

The basis for the objection was no less "apparent" because appellant's counsel later based an objection during Robert Cominsky's testimony on the claim that the question was leading. It is clear that, in this case, appellant's counsel sought to preclude the proffered evidence on the basis that the question was leading, rather than the fact that the lay witness was incompetent to opine whether his mother was in pain. Since the trial judge was going to allow lay opinion testimony on the issue of Pearl Cominsky's pain and suffering, counsel sought unsuccessfully to preclude it on a different ground. We do not require that counsel disrupt trial with repeated objections when the trial court has rejected earlier challenges to the testimony. *See Dietrich v. J.I.Case Co.*, 390 Pa.Super. 475, 568 A.2d 1272 (1990) (objection made when jury charge was first given did not have to be repeated upon recharge; objection was also preserved in post-trial motions); *Matsko v. Harley Davidson Motor Co.*, 325 Pa.Super. 452, 473 A.2d 155, 159 (1984) ("once an objection has been properly made, counsel is not obliged to repeatedly voice objections in a tendentious manner").

Finally, we note that even a general objection is adequate to preserve a challenge to an evidentiary ruling where the evidence is inadmissible for any purpose, as we hold it was in this case. *In Interest of Davis*, 377 Pa.Super. 46, 546 A.2d 1149 (1988), *aff'd*, 526 Pa. 428, 586 A.2d 914 (1991); *Edward D. Ohlbaum, Ohlbaum on the Pennsylvania Rules of Evidence* § 103.08[2] (2003–2004 ed.).

brain is not connected correctly. Something is seriously wrong. And the pain is really in the eyes of the beholder. There's no consciousness in that state.

In addition, Nurse Lucy Leszczynski testified that Pearl had no response to deep sternal palpation, a pain stimulus, and that she did not see Pearl "suffer."

¶ 7 Pennsylvania Rule of Evidence 701 limits a lay witness's opinion testimony to "those opinions or inferences which are rationally based on the perception of the witness, helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge[.]" Our cases further hold that lay witnesses may testify to someone's readily observable physical condition or appearance that does not require medical training. *Commonwealth v. Counterman,* 553 Pa. 370, 719 A.2d 284 (1998).

██ ¶ 8 A "lay witness may testify as to certain matters involving health, the apparent physical condition of a person, and as to obvious symptoms, but his testimony must be confined to facts within his knowledge, and may not be extended to matters involving the existence or nonexistence of a disease, which is only discoverable through the training and experience of a medical expert." *Baum v. Metropolitan Life Ins. Co.,* 144 Pa.Super. 37, 19 A.2d 486, 487 (1941). Thus, a layperson may not testify to the presence of an underlying disease such as a heart condition or osteomyelitis. *Id. See also In re Commitment of Barbour,* 733 A.2d 1286 (Pa.Super.1999) (a lay witness may testify about the apparent physical condition of a person, but may not testify regarding a medical diagnosis, such as the existence of bipolar disorder). This is because such conditions are "not readily observable by the naked eye or even by a physical examination unless symptoms are ascertained and appropriate tests made." *Id.* at 488.

*See also Travellers Ins. Co. v. Heppenstall Co.,* 360 Pa. 433, 61 A.2d 809 (1948) (lay witnesses are barred from testifying to the existence or nonexistence of a disease or disorder, the discovery of which requires the training and experience of a medical expert); *Collins v. Cooper,* 746 A.2d 615, 620 (Pa.Super.2000) (same).

¶ 9 For these reasons, our Supreme Court held that a lay witness could not testify regarding the "split and opened" condition of the complainant's hymen in the absence of qualified expert testimony to explain the significance of these personal observations. *Commonwealth v. Allison,* 550 Pa. 4, 703 A.2d 16, 19 (1997). Without such expert opinion testimony, "the jury was permitted to engage in speculation that the condition of the complainant's hymen was the result of sexual assault," and this evidence had a "devastating prejudicial impact on the jury." *Id.* Obviously, if lay opinion testimony would confuse, mislead or prejudice the jury, or would waste time, it may be excluded. *Lewis v. Mellor,* 259 Pa.Super. 509, 393 A.2d 941, 949 (1978).

¶ 10 Appellee relies on our decision in *Wagner v. York Hospital,* 415 Pa.Super. 1, 608 A.2d 496 (1992), for the proposition that a person who is in a persistent vegetative state may be awarded damages for pain and suffering. However, *Wagner* is distinguishable. In that case, there was opinion testimony from a registered nurse and a physician that there are different levels of awareness in people in a persistent vegetative state, and that some of these patients can have a certain level of awareness. *Id.* at 500. On the basis of that expert testimony, and other evidence indicating that the plaintiff responded to pain and other stimuli, we held that an award of damages for pain and suffering was proper in that case. *Id.* at 501.

¶ 11 There is no such expert testimony here. Appellee should have presented an expert to opine that despite the level of Pearl's vegetative state, she could experience pain. However, the only medical expert to testify on this issue stated that Pearl Cominsky was not conscious of any pain during the days she lingered before her death. Where "the decedent is unconscious for the entire period between the time of injury and the time of death, there can be no recovery for pain and suffering in a survival action." *Nye v. Commonwealth*, 331 Pa.Super. 209, 480 A.2d 318, 321 (1984). *But see Williams v. Southeastern Pa. Trans. Auth.*, 741 A.2d 848 (Pa.Commw.1999) (where both medical and lay testimony indicated that decedent had some level of awareness and consciousness prior to his death, instruction allowing damages for pain and suffering in survival action was proper).

¶ 12 To the extent that the hospital record includes notes that Pearl was "responsive to deep sternal stimuli with internal rotation of arms" and exhibited "decerebrate posturing," these terms cannot be interpreted by lay jurors without the aid of expert medical testimony and, here, the only expert witness to explain the terms expressly denied that they showed anything other than reflexive responses. Appellee presented no competent evidence to establish these notes meant Pearl experienced pain.

¶ 13 We further distinguish this case from others where a lay witness was permitted to testify about the pain of a *conscious* person, or one who is *not* in a persistent vegetative state. *See, e.g., Commonwealth v. Counterman, supra* (lay testimony as to whether a patient was alert at all times, oriented, in pain, and concerned about her condition is admissible); *Fogg v. Paoli Hospital*, 455 Pa.Super. 81, 686 A.2d 1355 (1996) (lay witness allowed to testify that he observed his son jump out of a window and then lie on the ground groaning, moaning and losing a lot of blood). We hold that, in order to make a case for pain and suffering damages on behalf of a person in a persistent vegetative state, the plaintiff must present competent opinion testimony that the person could in fact experience such pain.

¶ 14 Because the trial court erred in allowing lay testimony on this issue, and because it is clear that such emotional testimony could have, in addition to confusing the jury, prejudiced its decision, we reverse the trial court's ruling on this issue, vacate the judgment and remand for a new trial on damages only. We further hold that the award of damages to Seymour Cominsky for his derivative loss of consortium claim must also be vacated and the matter retried. *See Scattaregia v. Shin Shen Wu*, 343 Pa.Super. 452, 495 A.2d 552 (1985) (loss of consortium claim is dependent upon the injured spouse's right to recover). Finally, as a result of these holdings, we need not consider appellant's argument that the jury's verdict was grossly excessive.

¶ 15 Order denying appellant's post-trial motions reversed; judgment entered on verdict vacated. Matter remanded for new trial on damages only. Jurisdiction relinquished.

¶ 16 JOYCE, J. files a Dissenting Opinion.

JOYCE, J., Dissenting.

¶ 1 I disagree with the Majority's conclusion that Appellant's objections to the testimony offered by Cynthia Woll and Robert Cominsky properly preserved the issue of whether these lay witnesses should have been permitted to provide testimony regarding their mother's pain and suffering.

¶ 2 On this issue, Appellant argues that the trial court erroneously permitted Ap-

pellee to present the opinion of lay witnesses (Mrs. Cominsky's children: Cynthia Woll and Mr. Robert Cominsky) regarding Mrs. Cominsky's conscious pain and suffering. Appellant further argues on appeal that "whether Mrs. Cominsky was capable of feeling pain and or suffering was a medical question beyond the general knowledge of the average person that had to be addressed by a medical expert, not Mrs. Cominsky's children who are not medical experts. Appellant maintains that Appellee was required to establish, as a threshold medical matter, that Mrs. Cominsky was capable of experiencing conscious pain and suffering even though she was in a vegetative state, before Appellee can be permitted to offer testimony regarding observations about Mrs. Cominsky's appearance and the possibility that she was experiencing pain and suffering. *See* Brief for Appellant, at 15.

¶ 3 As the above argument deals with the trial court's evidentiary rulings, this Court's review must be guided by the following standard: "[o]ur standard of review for evidentiary rulings by the trial court is very narrow. In general, we may reverse only for an abuse of discretion or an error of law." *Cruz v. Northeastern Hosp.*, 801 A.2d 602, 610 (Pa.Super.2002) (citations omitted). *Accord, Soda v. Baird*, 411 Pa.Super. 80, 600 A.2d 1274, 1277 (1991) ("As a general rule, questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court, and may be reversed on appeal only when a clear abuse of discretion is apparent.").

¶ 4 Herein, although Appellant claims that the testimony of Mrs. Cominsky's children on the issue of conscious pain and suffering constituted inadmissible lay opinion,[3] my review of the record shows that Appellant did not file a pre-trial motion *in limine* to exclude such testimony. More importantly, at trial, Appellant did not make timely *and* specific objections to the subject testimony.

¶ 5 At trial, the following testimony was elicited from Cynthia Woll:

Q[by Plaintiff's counsel, Daniel Jeck]: Was your mom in any pain?

A: She looked to me like she was.

[Defense counsel, Stephen] RYAN: Objection.

THE COURT: Overruled. You may answer.

THE WITNESS: Thank you. She looked to me like she was in anguish; that, certainly, there had to be some sort of pain.

MR STARR[sic]: Move to strike.[4]

THE COURT: Overruled.

N.T. 8/28/2000, at 57.

¶ 6 A careful review of the above excerpt shows that while Appellant objected to the testimony, Appellant did not state the basis for the objection. Appellant did not object on the basis that the testimony constituted inadmissible lay opinion testimony.[5]

¶ 7 Under Pa.R.E. 103(a),

3. As a general rule, a lay person may testify as to distinct facts observed by him concerning the apparent physical condition or appearance of another. *See Collins v. Cooper*, 746 A.2d 615, 620 (Pa.Super.2000) (lay witnesses may testify about the apparent physical condition of a person). We express no opinion as to whether a lay witness may be permitted to testify regarding the pain and suffering of another person. It is noteworthy that Mrs. Cominsky's children did *not* opine that their mother was medically capable of experiencing pain or that she was actually experiencing pain. Such an opinion requires medical expertise. Rather, they stated that their mother *appeared* to be in pain.

4. This statement was actually made by Mr. Ryan.

5. In its post-trial motions, as a basis for seeking a new trial, Appellant argued that Cynthia

Error may not be predicated upon a ruling that admits or excludes evidence unless

(1) Objection. In case the ruling is one admitting evidence, a timely objection, motion to strike or motion in limine appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) Offer of Proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or by motion in limine or was apparent from the context within which the evidence was offered.

Pa.R.E. 103(a).

¶ 8 Similarly, our courts have often noted that in order to preserve an evidentiary objection, a party must make a timely and specific objection to the admission or exclusion of the evidence. The requirement for a specific objection was eloquently stated in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114, 116—117 (1974):

Requiring a timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors at trial advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal. Finally, the exception requirement will remove the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions.

*Id.* (footnotes omitted). A party's failure to make a specific objection deprives the trial court and the opposing party of the opportunity to either respond to the objection or to alter the course of the questioning accordingly. *Commonwealth v. Willis*, 380 Pa.Super. 555, 552 A.2d 682, 690 (1988), *alloc. denied*, 522 Pa. 583, 559 A.2d 527 (1989).

¶ 9 In *Willis*, a child sexual abuse victim was alleged to have made inconsistent statements regarding the abuse. To counteract these allegations, an assistant district attorney who had previously interviewed the victim was called by Commonwealth to testify regarding the child's prior consistent statements. On appeal, the appellant contended that because the child victim admittedly made prior inconsistent statements, the assistant district attorney's testimony regarding the victim's prior consistent statements was not admissible. Our Court rejected this contention,

---

Woll and Robert Cominsky were permitted to give inadmissible lay opinion testimony. However, this was not the stated basis for objecting to the testimony at trial. Appellant cannot raise on post-trial motions grounds for objections which were not asserted at trial. *See* Pa.R.C.P. 227.1(b) ("Post-trial relief may not be granted unless the grounds therefor, (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and (2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds").

citing the appellant's failure to make specific objections. This Court opined as follows:

It is axiomatic that only issues raised by specific objection in the trial court may be addressed on appeal. The record in this case reveals three objections during Assistant District Attorney Delaney's testimony. Two involved the mere utterance of the word "objection" without any grounds stated for the objection. The remaining objection was stated as follows:

Q. Did she testify to the court consistently with what she had told you earlier that day? MR. GOLDMAN: Objection. Are you trying to put in inconsistent statements or consistent? This is really getting beyond what I feel the prosecution is allowed to do, Your Honor.

THE COURT: No. He can ask him if what she said was substantially consistent with what she said outside the courtroom. I see no problem with that. I will permit that.

(N.T. 11/1/85 at 104). Counsel in no way indicated that his objection was based upon the ground that the victim's admission that she had made the prior inconsistent statements at the first preliminary hearing rendered the evidence of the prior consistent statements inadmissible. Because counsel failed to assert that specific ground for the objection at trial, the issue is waived. We note that had an objection been clearly stated on that ground, the Commonwealth and the trial court would not have been denied (as they were here) the opportunity to either respond to the objection or to alter the course of the questioning accordingly.

*Willis,* 552 A.2d at 690 (internal citations omitted).

¶ 10 In *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority,* 507 Pa. 204, 489 A.2d 1291, 1296 (1985), among other things, our Supreme Court was faced with the argument that the Superior Court erred in remanding the case back to the trial judge for a resolution of issues raised for the first time in the appellee's post-trial motions and brief before the Superior Court. Finding merit to this argument, the Supreme Court reversed the order of the Superior Court, stating unequivocally that to preserve an issue for appellate review, an appellant must make a timely objection at the appropriate stage of the proceedings before the trial court, and must specifically raise the issue in post-trial motions. *See id.* (emphasis added).

¶ 11 In the instant case, the trial transcript shows that while Appellant's counsel uttered the word "objection" when Cynthia Woll was being questioned about her mother's pain, counsel did not specify the grounds for the objection.[6] Further, although counsel moved to strike the testimony, counsel did not provide a basis for this request. Thus, consistent with Pa. R.E. 103(a)(1) and the case law cited above, I would hold that Appellant did not properly preserve the objection that Cynthia was permitted to give inadmissible lay opinion testimony.

¶ 12 With respect to Robert Cominsky, the following testimony was elicited at trial:

6. It is worthwhile to note that the basis for the objection was not apparent from the context (*See* Pa.R.E. 103(a)(1)). It was not apparent that Appellant was objecting to Cynthia's testimony as inadmissible lay opinion. For instance when Robert Cominsky was questioned on the same subject, his mother's pain, Appellant objected to this question as being a leading question **not** as a question seeking to elicit improper lay opinion. *See* N.T. 8/28/2000, at 81.

Q: Did she [your mother] appear to be in pain?

MR. RYAN: Objection; leading the witness.

THE COURT: Overruled.

THE WITNESS: She appeared to be in a very anguished, painful or fearful state. When I would look into her eyes, I just saw—I mean, I just saw a pitiful, fearful, painful person.

N.T. 8/28/2000, at 81.

¶ 13 The above excerpt shows that the basis of counsel's objection was that the question was a leading question. Appellant's counsel did not object on the basis that the question sought to elicit improper lay opinion testimony. In its post-trial motion and on appeal Appellant attempts to recast the basis of the objection by arguing that the trial court erred in permitting Robert Cominsky to give improper lay opinion testimony regarding his mother's pain. I reject Appellant's newly discovered but unstated basis for the objection to Robert's testimony. The objection that Robert was being permitted to give improper lay opinion testimony was not raised at trial and is therefore not preserved.[7] *See* Pa.R.E. 103(a). Even though Appellant raised this issue in a post-trial motion, this effort was insufficient to preserve an objection that was not raised before or during trial. *See* Pa. R.C.P. 227.1(b).

¶ 14 In my view, Appellant did not make timely and specific objections and therefore did not properly preserve the issue of whether lay witnesses, Cynthia Woll and Robert Cominsky, should have been permitted to provide testimony regarding

7. Although Appellant objected to the allegedly leading nature of the question to Robert regarding his mother's pain, Appellant did not

their mother's pain and suffering. Accordingly, I respectfully dissent.

raise this issue in post-trial motions or on appeal. Thus, in my view, this issue is waived.