J-S64038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHALID ALTAWARH | |
| Appellant | No. 52 EDA 2016 |

Appeal from the PCRA Order December 7, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0004369-2009

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:         **FILED SEPTEMBER 09, 2016**

Appellant Khalid Altawarh appeals from the order entered in the Court of Common Pleas of Bucks County denying, after an evidentiary hearing, his first petition filed under the PCRA.[1]  Appellant presents ineffective assistance of trial counsel claims, and after a careful review, we affirm.

Following the brutal attack and rape of L.B. in her home on May 8, 2009, Appellant was arrested and charged with various crimes.  Represented by counsel, in December 2009, Appellant proceeded to a jury trial, at which numerous witnesses, including L.B. and Appellant, testified.

Specifically, L.B. testified that she and Appellant were romantically involved; however, the relationship deteriorated with L.B. ultimately telling

---

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

Appellant the relationship was over. N.T., jury trial, 12/4/09, at 41. However, early in the morning on May 8, 2009, Appellant appeared at L.B.'s house, which is isolated, and asked for a ride to the bus station. *Id.* at 51-52. Since the bus station was near L.B.'s place of employment, she agreed, went to the kitchen to get a cup of coffee, and then started up the stairs to finish dressing for work. *Id.* at 51-55.

L.B. indicated that, as she approached the top of the stairs, Appellant grabbed her by the hair, punched her in the face, and said, "I waited till the last minute to come and get you, you bitch." *Id.* at 56. Appellant threw L.B. down the steps, pulled her into the utility room, raped her vaginally, and digitally penetrated her rectum. *Id.* at 57-58. Thereafter, Appellant held a knife to L.B.'s throat, demanded money, punched her several times in the face with a closed fist, and banged her head repeatedly against a stone threshold. *Id.* at 61-69.

L.B. testified that, at one point, Appellant permitted her to go outside, and, seizing the opportunity, L.B. started screaming and running; however, Appellant tackled her, hit her several times with a rock, and stuck his fingers down her throat to make her stop screaming. *Id.* at 73. Appellant bit L.B. several times, and, when Appellant began dragging her back into the house, L.B. grabbed onto a fence post. *Id.* at 73-74. Appellant struck her shoulder several times with a rock, resulting in Appellant successfully forcing L.B. back into the house. *Id.* at 74.

L.B. indicated she freed herself when an acquaintance, Joe Zak, unexpectedly knocked on the front door, giving L.B. the opportunity to run out the back door. *Id.* at 77. Mr. Zak placed L.B. into his vehicle, drove away, and called 911. *Id.* at 77-78. The responding ambulance took her to the hospital.

Appellant testified that the sexual intercourse at issue was consensual, the parties customarily engaged in violent acts during their sexual encounters, and some of the injuries sustained by L.B. occurred when she accidentally fell. N.T., jury trial, 12/8/9, at 186-212, 226-287.

At the conclusion of all testimony, the jury convicted Appellant of numerous crimes, including attempted homicide, rape by forcible compulsion, and aggravated assault,[2] and on April 28, 2010, the trial court sentenced Appellant to an aggregate of fourteen to twenty-eight years in prison.

Following the denial of Appellant's timely post-sentence motion, Appellant filed a counseled direct appeal averring: (1) the trial court erred in denying Appellant's request for a continuance on the eve of trial; (2) the trial court erred in precluding defense evidence regarding the prior consensual sexual relationship between the parties; (3) the trial court erred in denying Appellant's motion for a mistrial related to the testimony of Police

---

[2] 18 Pa.C.S.A. §§ 901, 3121, and 2702, respectively.

Officer Timothy Dockery regarding blood evidence found at the crime scene; and (4) the trial court erred in permitting the Commonwealth's DNA expert to testify as a blood spatter/contact expert. A three-judge panel of this Court found no relief was due and affirmed Appellant's judgment of sentence. **Commonwealth v. Altawarh**, No. 299 EDA 2011 (Pa.Super. filed 3/8/12) (unpublished memorandum). The Supreme Court denied Appellant's subsequent petition for allowance of appeal on December 31, 2012.

On or about August 16, 2013, Appellant filed a timely *pro se* PCRA petition, and new counsel was appointed to represent Appellant. Following amendments to the petition, the PCRA court held an evidentiary hearing on May 16, 2014, at which trial counsel and Appellant testified. By order entered on December 7, 2015, finding no merit to Appellant's claims, the PCRA court denied Appellant's PCRA petition. This timely counseled appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents claims of ineffective assistance of trial counsel. In reviewing Appellant's particular claims, we are mindful of the following legal precepts:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. . . .The PCRA court's credibility determinations, when supported by the record, are binding on this Court;

however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Mason***, ___ Pa. ___, 130 A.3d 601, 617 (2015)

(quotation marks, quotations, and citations omitted).

> In order to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Pennsylvania, we have applied the ***Strickland*** test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001). Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the ***Strickland*** test, the court may dismiss the claim on that basis. ***Commonwealth v. Ali***, 608 Pa. 71, 10 A.3d 282, 291 (2010).

***Commonwealth v. Vandivner***, ___ Pa. ___, 130 A.3d 676, 680 (2015).

Regarding the arguable merit prong, a claim has arguable merit where the factual predicate is accurate and "could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa.Super. 2013) (*en banc).* A determination as to whether the facts asserted present a claim of arguable merit is a legal one. ***Id.***

> Relating to the reasonable basis prong, [g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests. Courts should not deem counsel's strategy or tactic unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

- 5 -

Also [a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion. . . .The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract.

Relating to the prejudice prong of the ineffectiveness test, the PCRA petitioner must demonstrate that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different. . . .[I]t is well-settled that a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ***Strickland*** test, the court may proceed to that element first.

***Commonwealth v. Koehler***, 614 Pa. 159, 36 A.3d 121, 132 (2012) (quotation marks, quotations, and citations omitted).

Appellant first claims that trial counsel was ineffective in failing to object to L.B.'s testimony regarding the injuries, which she suffered as a result of the attack. Appellant contends L.B. was not qualified to offer testimony regarding her injuries since such testimony was outside of the purview of a lay witness. Appellant specifically challenges trial counsel's failure to object to the following portion of the victim's trial testimony given on direct examination:

**Q:** [L.B.], you had testified earlier that you were treated at Doylestown Hospital; is that correct?
**A:** Yes.
**Q:** And can you tell the jury what injuries you sustained[?]
**A:** I had a concussion, perforated eardrum, cuts and bruises all over my face and bruises on my neck, cuts, bite marks on my arms and my back, bruising and cuts on my back, on my legs; cuts and bruises on my legs and on my hands and a shoulder injury as well.
**Q:** And did you have any injuries or cuts that required stitches?
**A:** Yes, on my arm.
**Q:** Explain that to the jury, please.

- 6 -

**A:** I had a wound on my arm, on my inner arm that required four stitches.
**Q:** Do you recall how you got that injury?
**A:** I don't.
**Q:** So you had testified earlier you had bleeding from your nose?
**A:** Right.
**Q:** You had bleeding from your arm?
**A:** (Witness nods head up and down).

N.T., jury trial, 12/4/09, at 121-22.

As it relates to the arguable merit inquiry, the applicable version of Pennsylvania Rule of Evidence 701, addressing opinion testimony by a lay witness, provides, in pertinent part:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701.[3]

Lay witnesses may testify to someone's readily observable physical condition or appearance that does not require medical training. *Commonwealth v. Counterman*, 553 Pa. 370, 719 A.2d 284 (1998).

> A lay witness may testify as to certain matters involving health, the apparent physical condition of a person, and as to obvious symptoms, but [her] testimony must be confined to

---

[3] Effective March 18, 2013, our Supreme Court rescinded and replaced this rule of evidence. *See* Pa.R.E. 701, Comment. However, Appellant's trial preceded the effective date of the revised rule and, thus, we apply the former version of Rule 701 as set forth herein.

facts within [her] knowledge, and may not be extended to matters involving the existence or non-existence of a disease, which is only discoverable through the training and experience of a medical expert. Thus, a layperson may not testify to the presence of an underlying disease such as a heart condition or osteomyelitis. This is because such conditions are not readily observable by the naked eye or even by a physical examination unless symptoms are ascertained and appropriate tests made. ***Travellers Ins. Co. v. Heppenstall Co.***, 360 Pa. 433, 61 A.2d 809 (1948) (lay witnesses are barred from testifying to the existence or nonexistence of a disease or disorder, the discovery of which requires the training and experience of a medical expert)[.]

[Further,] if lay opinion testimony would confuse, mislead or prejudice the jury, or would waste time, it may be excluded.

***Cominsky v. Donovan***, 846 A.2d 1256, 1259 (Pa.Super. 2004) (citations, quotations, and quotation marks omitted).

In the case *sub judice*, L.B.'s testimony regarding her cuts, bruises, bite marks, bleeding from her nose, and the receipt of four stitches to her inner arm are certainly readily observable physical conditions or appearances that do not require medical training. ***See Counterman***, ***supra***; Pa.R.E. 701. Moreover, we conclude L.B.'s testimony as to these injuries did not confuse or mislead the jury and did not waste time. ***Cominsky***, ***supra***. Thus, Appellant has not established that his challenge to this portion of L.B.'s testimony has arguable merit.

Assuming, *arguendo*, L.B.'s testimony that she suffered a concussion and perforated eardrum was prohibited under Rule 701, and, thus, there is arguable merit to this portion of Appellant's claim, we agree with the PCRA

court that trial counsel provided a reasonable basis for failing to object. *See* PCRA Court's Opinion, filed 12/8/15, at 6.

In analyzing the PCRA hearing testimony, and concluding trial counsel had a reasonable basis, the PCRA court explained as follows:

> Even assuming that trial counsel could have successfully objected to the victim's testimony as to her concussion and perforated eardrum, [trial counsel] had a reasonable basis for not objecting. At the May 16, 2014[,] PCRA hearing, [trial counsel] testified that he did not object because he believed the victim's testimony on this point would further his own defense strategy: to contrast the victim's account of the incident and the injuries sustained with the lack of physical evidence corroborating her testimony. In other words, trial counsel intended to use the victim's testimony to further his own argument that her account was exaggerated and, therefore, not credible.

PCRA Court's Opinion, filed 12/8/15, at 6 (citations to record omitted).

The PCRA court's factual findings regarding trial counsel's reasons for not objecting are supported by the record, *see* N.T., PCRA hearing, 5/16/14, at 26-28, and its conclusions drawn from these factual findings are free from legal error. *See Koehler*, *supra* (indicating counsel will not be deemed ineffective if his course of action had some reasonable basis designed to effectuate his client's interests). Accordingly, we conclude the PCRA court properly found trial counsel was not ineffective on this basis.

Appellant next claims trial counsel was ineffective in failing to file a written notice of his intent to introduce evidence of L.B.'s past sexual

relations with Appellant as was required by the Rape Shield Law, 18 Pa.C.S.A. § 3104(b).[4] Appellant claims that trial counsel's failure to file the required written notice resulted in limited cross-examination of L.B. as to her prior practice of consensually engaging in particular sex acts with Appellant, which according to Appellant, were of the type that led to L.B.'s injuries in the case *sub judice* and tended to show the instant sexual intercourse was consensual.[5]   Assuming, *arguendo*, Appellant has demonstrated his claim has arguable merit and counsel lacked a reasonable basis for his inaction, we conclude Appellant has failed to demonstrate he was prejudiced by counsel's omission.

In rejecting Appellant's ineffective assistance of counsel claim, the PCRA court indicated, in relevant part, the following:

> [Appellant] has failed to establish that [trial counsel's] decision [not to file a written notice] prejudiced him in any way. The victim herself admitted that she had previously engaged in consensual sexual intercourse with [Appellant], and [Appellant]

---

[4] As our Supreme Court has held: "The purpose of the Rape Shield Law is to prevent a sexual assault trial from denigrating into an attack upon the victim's reputation for chastity." **Commonwealth v. Johnson**, 536 Pa. 153, 158, 638 A.2d 940, 942 (1994) (citation omitted).

[5] On direct appeal, Appellant averred generally that the trial court erred in precluding him from presenting evidence regarding prior, consensual sexual relations he had with L.B.   However, this Court declined to reach the merits of the issue.   More specifically, noting that 18 Pa.C.S.A. § 3104(b) required Appellant to submit a written motion at the time of trial, and the certified record contained no such motion, we found the issue to be waived. **Altawarh**, No. 299 EDA 2011, at 6-7.

- 10 -

described at considerable length the specific sexual acts in which he and the victim allegedly engaged.

Moreover, to the extent that the trial court precluded [Appellant] from cross-examining the victim regarding specific sexual acts in which she had previously engaged with [Appellant], the court did not base its ruling on the fact that trial counsel had not filed a written motion pursuant to [S]ection 3104. Indeed, the court permitted counsel several opportunities throughout the trial to argue why he should be permitted to cross-examine the victim on these specific sexual practices, and the court never denied [Appellant's] motion for failure to file [a] written notice.

***

[Appellant] cannot establish that the outcome of the trial would have been different. Whether. . .[Appellant] and the victim engaged in certain sexual acts on other occasions was not proof that she consented on the date of the offense. Nevertheless, [Appellant] was permitted to testify extensively regarding the so-called "rough sex" in which he and the victim had [allegedly] engaged. The jury was provided ample opportunity to determine whether "rough sex" was a credible explanation for the victim's injuries on the date of the offense, as [Appellant] claimed. The jury also had the opportunity to weigh the victim's credibility when she admitted that she had previously engaged in consensual sex with [Appellant], but had not done so on the date of the offense. Trial counsel was able to argue in his closing [argument] that a prior, consensual relationship existed between the victim and [Appellant].

The [trial court] has carefully reviewed this issue and after studying it does not know what [Appellant] thinks would have come out on cross-examination that would have helped him convince the jury that he did not rape [and physically injure] the victim but rather they engaged in consensual sex. There was exhaustive cross-examination of the victim and detailed testimony of what she says occurred.

PCRA Court's Opinion, filed 12/8/15, at 11-13.

We agree with the PCRA court's reasoning in this regard and conclude

Appellant has failed to demonstrate there is a reasonable probability that,

but for counsel's error or omission, the result of the proceeding would have

been different. **Koehler**, *supra*. Accordingly, we agree with the PCRA court that Appellant was not entitled to relief on this ineffective assistance of counsel claim.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2016